**In the Matter of John Withers HARVEY and Margie Frick Harvey, Debtors.**

**Bankruptcy No. 79–1495 C.**

United States Bankruptcy Court, M. D. Florida, Tampa Division.

April 22, 1980.

Robert L. King, Tampa, Fla., for Household Finance.

Karl Stevens, Jr., Tampa, Fla., for John & Margie Harvey.

ORDER DENYING APPLICATION FOR DETERMINATION OF SECURED STATUS UNDER SEC. 506

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS CAUSE came on for hearing with due notice to all parties of interest, upon an Application for Determination of Secured Status, filed by Household Finance Company. The Application was filed pursuant to Sec. 506 of the Code and ostensibly seeks a determination and allowance of a secured claim to the extent of the value of such creditor's interest in its collateral and to the extent that the value of such creditor's interest in its collateral is less than the amount of such allowed claim, the allowance of an unsecured claim.

The Court heard argument of counsel and considered the record and finds that the properties in which Household Finance Company claims to have a security interest were scheduled by the Debtor as exempt. While the Trustee initially filed an objection to the claim because the claim was defective, said defect has been cured by an amendment and on January 18, 1980, this Court entered an order and overruled the Trustee's objection to the exemption claim. Accordingly, the properties in question were released to the Debtors either by virtue of their exempt status or through abandonment by the Trustee and they no longer form a part of the estate, although initially they were part of the estate by virtue of Sec. 541 of the Code.

Prior to the adoption of the Code, the valuation of security was dealt with by Sec. 57h of the Bankruptcy Act which provided the guidelines for the determination of the value of collateral and for the allowance of a deficiency unsecured claim of a secured creditor. Rule 306 went further and provided:

(d) Secured Claims. If a secured creditor files a proof of claim, the value of the security interest held by him as collateral for his claim shall be determined by the court, and the claim shall be allowed only to the extent it is enforceable for any excess of the claim over such value.

Under the pre-Code law, neither the Act nor the Rules intimated that the valuation process was limited to properties which were subject to liquidation and neither the language of the Act nor the Rules would have precluded the valuation of properties which were claimed and set aside as exempt in order to enable the secured creditor to prove and have allowed an unsecured claim. While it is true that under Rule 306 there is no distinction between secured property which is part of the estate and secured property which is claimed and set aside as exempt and the Rule merely speaks of a claim filed by a secured creditor, in practice this was seldom if ever used in relation to property released from the estate, unless, of course, the secured creditor liquidated its collateral in time to file an unsecured claim for proof and allowance.

§ 506 of the Code, unlike the previous section of the Bankruptcy Act and Rule 306, now provides for the determination of the secured status of an allowed claim of a creditor which is secured by a lien "on property in which the estate has an interest, or that is subject to setoff under § 553" of the Code. While the legislative history fails to shed any light on whether or not the phrase "property in which the estate has an interest" was intended to limit the valuation process to non-exempt property, it indicates that it was intended to deal with properties of the estate which are being administered under the Code and not to deal with properties which were released as exempt or abandoned. While it is true that, under § 541 of the Code, everything in which the Debtor has a legal or equitable interest as of the commencement of the case forms part of the estate, § 506 uses the language "property in which the estate has an interest" rather than "property of the estate". While this may be an overly narrow construction of § 506, it should not present any hardship to secured creditors who claim a lien on secured property since they may proceed against the collateral immediately after the property is released and make a determination whether or not to look to the collateral as full security for the debt or liquidate the same and, if there is a defi-

ciency, prove up a general unsecured claim. Moreover, it is apparent from statement of counsel for Household Finance Company that what Household Finance Company really seeks is leave to pursue its collateral dehors of the Bankruptcy Court.

For reasons stated, this Court is satisfied that § 506 was not designed by Congress to operate as a substitute for a proceeding to lift the automatic stay imposed by § 362 and anyone who seeks to be relieved from the restrictions imposed by the automatic stay shall file a complaint to modify the automatic stay and not apply for determination of secured status.

Accordingly, this Court is satisfied that the approach selected by Household Finance Company to solve this problem is improper and, therefore, should be denied.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Application to Determine Secured Status Under Sec. 506 of the Code filed by Household Finance Company be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that in light of the fact that the properties claimed to be encumbered by Household Finance Company have been released as exempt or have been abandoned by the Trustee, this Order shall be without prejudice to Household Finance Company to pursue its lien claim against the properties in a court of appropriate jurisdiction, if so deemed to be advised.