**In re SKANEATELES BOWLING CENTER, INC., Debtor.**

**Paul C. ZECHMAN and Ada J. Zechman, Plaintiffs-Appellants,**

**v.**

**SKANEATELES BOWLING CENTER, INC., Defendant-Respondent.**

**No. BK–79–02584.**

United States District Court, N. D. New York.

May 22, 1980.

Hancock, Estabrook, Ryan, Shove & Hust, Syracuse, N. Y. (Richard W. Cook, Syracuse, N. Y., of counsel), for plaintiffs-appellants.

Menter, Rudin & Trivelpiece, Syracuse, N. Y. (Edward M. Zachary, Syracuse, N. Y., of counsel), for defendant-respondent.

McCURN, District Judge.

## MEMORANDUM—DECISION AND ORDER

This is an appeal from an order of the Bankruptcy Court, made on March 24, 1980, which maintained an automatic stay under Bankruptcy Code § 362, 11 U.S.C. § 362, and prevented a foreclosure action in New York State Supreme Court from proceeding. The issue raised on appeal concerns the interpretation of 11 U.S.C. § 362(d) and (e), as to what constitutes a "request for relief" from the automatic stay provisions of 11 U.S.C. § 362(a). This question is one of first impression under the new Bankruptcy Code.

Plaintiffs Paul and Ada Zechman hold a purchase money mortgage on real property owned by the debtor-defendant Skaneateles Bowling Center, Inc. After default, on July 2, 1979, plaintiffs brought an action to foreclose in State Supreme Court in Onondaga County. Before the foreclosure was completed, defendant filed a Chapter Eleven (11) petition for bankruptcy on Decem-

ber 5, 1979. On that date, plaintiffs were owed $224,279.54. The filing of the bankruptcy petition operated as an automatic stay on the foreclosure action pursuant to 11 U.S.C. § 362(a).

On January 29, 1980, plaintiffs commenced this action in Bankruptcy Court requesting relief from the automatic stay. The prayer for relief in plaintiffs' complaint requested specifically that the Bankruptcy Court "grant an order pursuant to Bankruptcy Code § 362, terminating, annulling, modifying or conditioning the stay. . . ." Plaintiffs' complaint at 3.

On March 18, 1980, the Bankruptcy Judge ruled from the bench and held that the complaint filed by plaintiffs which sought relief from the automatic stay was not a "request for relief" within the meaning of § 362(d) of the Bankruptcy Code. 11 U.S.C. § 362(d). After plaintiffs appealed to this Court, on May 1, 1980, the Bankruptcy Judge submitted his record on appeal which states his reasons for his decision:

> Section 362(d) of the Bankruptcy Code provides that the court shall grant relief from the stay on request of a party in interest and after notice and hearing. . . . Although I recognize that Congress intended the new 30-day provision to force prompt dispositions of requests to lift stays as set forth in Section 362(e), I felt that the two subdivisions § 362(d) and (e) must be read together and required further action by the creditor in order to bring them into play. The filing of a complaint to lift the stay does not trigger a 362(d) and (e) situation. I felt that a "request of a party in interest" as set forth in Section 362(d) is taken to mean a request for a hearing separate from and in addition to the filing of a complaint to lift the stay. The 30-day provision is to permit a speedy hearing where a party in interest requests a hearing within 30 days. . . . The appellants' position would require the Clerk to set up a hearing in every case.

Thus, the Bankruptcy Court ruled that since there had been no separate "request for relief", the thirty (30) day period after which the automatic stay would expire had not yet begun to run. Accordingly, the Court ruled that the stay remained in full force and effect.

On appeal to this Court, plaintiffs argue that their summons and complaint which demands relief from the automatic stay constitutes a "request for relief" within the meaning of 11 U.S.C. § 362 and that the stay is terminated because no action was taken by the debtor or the Bankruptcy Court within thirty (30) days after it was issued as required under 11 U.S.C. § 362(d).

■ The issue for this Court to determine is whether plaintiffs' complaint which requests relief from the automatic stay provisions of 11 U.S.C. § 362 constitutes a "request for relief" within the meaning of § 362(d). This Court believes that it does.

Bankruptcy Code § 362(d), 11 U.S.C. § 362(d), states:

> On request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . ..

Bankruptcy Code § 362(e), 11 U.S.C. § 362(e), states:

> Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such a request, unless the court, after notice and hearing, orders such stay continued in effect pending . . . a final hearing.

In the absence of direct case authority and legislative history on the issue presented here, the Court has referred to various bankruptcy treatises for interpretations of Bankruptcy Code § 362(d). In discussing this section, *Collier on Bankruptcy* states:

> The word "request" is used to denote the pleading which initiates a proceeding seeking relief from the automatic stay. No position is taken in this Code on the question of whether the request should be denominated as a complaint, motion or

application or some other form of pleading. Accordingly relief from the stay will, until new rules are promulgated, be sought by filing a complaint with the bankruptcy court.

2 *Collier on Bankruptcy* § 362.08, at 362–50 (15th ed. 1979). The *Collier* interpretation of "request" does not support the view adopted by the Bankruptcy Court in this case. Instead of requiring a complaint and a separate request for relief as the Bankruptcy Court here would do, the *Collier* position is that any pleading which brings the request for relief from the automatic stay before the Court is sufficient.

Support for plaintiffs' contention that their complaint to lift the stay constitutes the request referred to in 11 U.S.C. § 362(d) is found in Rule 10–601 of the *Rules of Bankruptcy Procedure* and Rule 4001 of the *Suggested Interim Bankruptcy Rules*. Both rules state: "[o]n the filing of a complaint seeking relief from a stay. . . ." Only a complaint seeking relief from a stay is required.

 This Court does not agree with the Bankruptcy Court's interpretation of Bankruptcy Code § 362(d), 11 U.S.C. § 362(d), as requiring a complaint and a separate "request for relief" before an automatic stay can be removed. A reading of § 362(d) demonstrates clearly that a separate request is not necessary. Section 362(d) states "[o]n the request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . by terminating, annulling, modifying, or conditioning such stay . . .." 11 U.S.C. § 362(d). If Congress had intended to require a separate request for a hearing in addition to a request for relief from the stay, the language of § 362(d) would specifically reflect such an intent. As written, § 362(d) does not require a separate request for a hearing.

The automatic stay is terminated and the state foreclosure action may proceed.

IT IS SO ORDERED.