In re Clayson Wayne MULLINS, Audree Maree Mullins, Debtors.

Bankruptcy No. SA–80–00593–AP.

United States Bankruptcy Court, C. D. California.

June 18, 1980.

Benjamin H. Berkley, Anaheim, Cal., for debtors.

Loretta Ramseyer, Los Angeles, Cal., for Bank of America.

PETER M. ELLIOTT, Bankruptcy Judge.

In this Chapter 7 case under the Bankruptcy Reform Act of 1978, and in the absence of Bankruptcy Judge Phelps who is on vacation, I have been asked to approve a stipulation for relief from the automatic stay of § 362 of the Bankruptcy Code. The purpose of the stipulation and order is to permit the bank to repossess the debtor's 1979 Jeep vehicle.

The issue is whether or not I should approve the stipulation without payment by the bank of a $60 filing fee. Some bankruptcy judges require the payment of a filing fee in this circumstance, and others do not.

The Judicial Conference of the United States, pursuant to § 40(c)(3) of the Bankruptcy Act, amended the Schedule of Charges for Special Services (effective April 1, 1974). Part of the amended schedule provided:

9. For filing the following complaints, except when they are filed by or on behalf of the United States and provided that the charge shall be paid from the estate of the bankrupt unless waived by the court when filed by the trustee or receiver in bankruptcy, $15.00 for each complaint filed to be paid at the time of filing:

(a) complaint objecting to a discharge or to revoke confirmation of an arrangement.

(b) complaint to revoke a discharge or to revoke confirmation of an arrangement.

(c) complaint to recover money or property.

(d) complaint to obtain relief from a stay as provided in Rules 401, 601, or 13–401 of the Rules of Bankruptcy Procedure.

(e) complaint to obtain an injunction, and

(f) complaint for determination of non-dischargeability of a debt filed by a creditor.

In a Memorandum to All Bankruptcy Judges and Clerks of District Courts dated March 20, 1974, the Administrative Office of the United States Courts cautioned:

In assessing charges for the filing of complaints listed in Item 9 of the Schedule, the prescribed charge should be assessed regardless of the form of or language in the complaint so long as the purpose of the complaint is to obtain the relief provided for by one or more of the proceedings listed in Item 9.

The complaints referred to in Item 9 above are those designated as adversary proceedings in Part VII of the Bankruptcy Rules.

■ I have always required the payment of a filing fee when asked to order relief falling within the ambit of Rule 701 even though no complaint has been filed and the parties are merely stipulating to the relief sought. The entire thrust of Part VII of the Bankruptcy Rules is to handle each adversary proceeding as a separate lawsuit. Since the enactment of the new Code, administrative procedures adopted nationwide provide for the assignment of a separate and distinct case number to each adversary proceeding. Venue of an adversary proceeding can be changed without affecting the underlying bankruptcy case out of which the adversary proceeding arose.

Section 405(d) of the Code provides that the Bankruptcy Rules in effect on September 30, 1979 shall apply to cases under the new Code to the extent not inconsistent with the Act.

Bankruptcy Rule 701(6) provides that Part VII of the Bankruptcy Rules governs any proceeding instituted by a party before a bankruptcy judge to obtain relief from a stay. Therefore, the order sought by the stipulation before me in this case provides relief available under Part VII of the Bankruptcy Rules.

Pursuant to § 40(c)(3) of the Bankruptcy Act and 28 U.S.C. § 1930(b), and effective March 1, 1980, the Judicial Conference raised the fee to $60 for the filing of a complaint in an adversary proceeding arising under the Act or under the new Code.

■ The focus should be on the relief sought. If the party is requesting recovery of money or property, injunctive relief, an order that a debt is not dischargeable, or relief from stay, the filing fee should be collected whether the party entitles his pleading an application, a petition, a request, or a stipulation.

■ I take judicial notice that if there is no pending case, for the filing of a confession of judgment, the Clerk of the U. S. District Court for this district would charge a $60 filing fee; the Clerk of the Superior Court of the State of California would collect a filing fee of $15 under California Code of Civil Procedure; and the Clerk of the Municipal Court would collect a filing fee of $10.00.

The Clerk of the Bankruptcy Court may have some exposure here. The Clerk is under a duty to account to the Treasury for all fees, costs and other moneys collected except uncollected fees not required by Act of Congress to be prepaid. See 28 U.S.C. §§ 771 and 1930. Compare the duties of the Clerk of the U. S. District Court, 28 U.S.C. § 1914.

The clerk, under the law, is required to account for fees earned whether they are paid or not; ... *U. S. v. McMillan*, 209 F. 266, 270 (N.D.Ill.1913).

IT IS THEREFORE ORDERED that the stipulation requesting an order for relief from stay is denied.

The stipulation may be presented under an adversary proceeding caption and will be

 

approved upon payment of the appropriate filing fee.