**In re Larry Eugene HAWKINS a/k/a Larry E. Hawkins, Debtor.**

**Bankruptcy No. 80–04253A.**

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

Feb. 3, 1981.

## ORDER

W. H. DRAKE, Jr., Bankruptcy Judge.

On January 28, 1981, a secured creditor, Ford Motor Credit Company, filed an application to abandon certain property of the estate pursuant to 11 U.S.C. § 554(b). The application has a proposed order attached to it which would lift the automatic stay of 11 U.S.C. § 362(a). The Court finds the application and order to be defective in several respects and, therefore, denies the application.

The first and primary defect is that this application to abandon is an attempt by the creditor to engage in stay litigation by other than an adversary proceeding. See, Rule 701(6), Rules of Bankruptcy Procedure. In this District,[1] as well as in many others,[2] such an attempt is procedurally defective.

Moreover, the application bears no indication that the debtor has either consented to the abandonment or waived his statutory right of redemption. See 11 U.S.C. § 722. The application also purports to waive the notice and hearing requirement of 11 U.S.C. § 554(b). Clearly, a situation could arise in which collateral could have no value to the estate or the debtor because of subordinate liens[3] but in which the subordinate lienors would be entitled to notice. This application makes no mention of notice to subordinate lienors, if any.

For the foregoing reasons,

IT IS HEREBY ORDERED AND ADJUDGED that the application to abandon shall be and is denied.

---

1. *In re Northwest Recreational Activities, Inc.*, 1 CBC 2d 743 (B.C.N.D.Ga.1980).

2. *In re Mullins*, 7 B.R. 1, 6 BCD 646 (Bkrtcy., B.C.C.D.Cal.1980); *In the Matter of Harvey*, 3 B.R. 608, 6 BCD 278 (Bkrtcy., B.C.M.D.Fla. 1980); *In Skaneateles Bowling Center, Inc.*, 5 BR 479, 2 CBC 2d 541, 6 BCD 428 (D.C.N.D.N. Y.1980).

3. Especially liens which do not impair exemptions and are not voidable. See 11 U.S.C. § 522.