**In re Janice Hill BULLOCK, Debtor.**

**GENERAL ELECTRIC CREDIT CORPORATION, Plaintiff,**

v.

**Janice Hill BULLOCK, Defendant.**

**Bankruptcy No. 80–01256.**

United States Bankruptcy Court,
E. D. Virginia,
Norfolk Division.

May 12, 1981.

Rexford R. Cherryman, Virginia Beach, Va., for G.E.C.C.

Richard S. Harman, Norfolk, Va., for debtor.

## MEMORANDUM OPINION

HAL J. BONNEY, Jr., Bankruptcy Judge.

The facts underlying this proceeding may be briefly stated. Janice Hill Bullock [the debtor] filed a voluntary petition for bankruptcy on September 4, 1980. On January 13, 1981, General Electric Credit Corporation [G.E.C.C.], a purchase-money secured creditor [incorrectly scheduled by the debtor as an unsecured creditor], filed a motion praying that the debtor be ordered to turn over certain enumerated items of furniture declared exempt by the debtor. A hearing on the motion was held on February 17, 1981.

At the hearing the debtor objected to the procedure employed arguing that the Court does not possess the power to grant the relief sought. No issue was made as to the validity of the security interest; it is conceded that the creditor has a valid lien. Since the issue is basic to considerable bankruptcy practice, the parties were granted leave to brief it and the Court renders the following opinion.

The argument of the debtor may be summarized as follows. The Bankruptcy Court does not have the authority to compel the debtor to release property which has been declared exempt. Even if it does possess this power, the Court should not become the forum where creditors may proceed *in rem* against exempt property of the debtor or that abandoned by the trustee. To do so, the argument goes, would elevate routine collection cases to the federal level. It is argued that this would "give rise to separate bodies of law, conflicting results, possible forum shopping, and major variations in venue and other defenses, plus much uninteresting work for [the Court]." [Debtor's brief, page 4]. Further, it is said, this would cause a significant disruption in the orderly administration of bankruptcy cases. According to the debtor, the proper procedure is for the creditor to seek relief from the stay and then to proceed against the property in state court, in essence a two-step process.

Although under the Bankruptcy Act property that was abandoned or exempt was no longer subject to the jurisdiction of the Court, it is beyond serious question that, under the Code, the Court has exclusive jurisdiction over the property of the debtor. "The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all the property, wherever located, of the debtor, as of the commencement of the case." 28 U.S.C. § 1471(e).

Further, not only is the Court granted the power to resolve all controversies relative to the property of the debtor, it may resolve all manner of situations that might arise in a bankruptcy proceeding or bear upon a bankruptcy case. "A bankruptcy court shall have the power of a court of equity, law, and admiralty ...." 28 U.S.C. § 1481.

The Bankruptcy Reform Act of 1978 engendered a fundamental change in the nature and scope of the jurisdiction of the bankruptcy court. Realizing the futility of the continued struggle between plenary and summary jurisdiction and the attendant adverse consequences on efficient bankruptcy administration, the Congress granted the bankruptcy courts pervasive jurisdiction coupled with the power to exercise that jurisdiction. For example, most civil proceedings touching upon the financial affairs of a debtor may be removed to the appro-

priate bankruptcy court. 28 U.S.C. § 1478. See, e. g., *In re Brothers Coal Company, Inc.*, 6 B.R. 567, 6 B.C.D. 1066 (Bkrtcy.W.D. Va.1980). Too, jury trials are available in bankruptcy. 28 U.S.C. § 1480.

Recent case law to the contrary notwithstanding,[1] it is also abundantly clear that a valid lien survives bankruptcy. 11 U.S.C. § 522(c)(2). A secured creditor has cognizable and enforceable rights in the collateral and is entitled to the protection of the Court.

■ From the above it is apparent that all of the elements necessary for a resolution of the controversy are present. The Court has jurisdiction over the subject property *and* the power to exercise that jurisdiction. There are parties who are seeking protection for or enforcement of their property rights. Quick, orderly resolution is the essential function of the judiciary.

It should be noted that the bankruptcy court is not simply a forum to provide the honest debtor with a fresh start. It also exists to preserve the rights of creditors. Debtors are not granted relief in a vacuum.

The Court is of the opinion that the disruptive results predicted by the debtor will not come to pass if creditors are permitted to proceed in this fashion. The issues presented by this type of motion are the validity of the security interest, any possible defenses and the disposition of the collateral, if any. Since the Court looks to the Uniform Commercial Code to define the rights of the parties and resolve the controversy, no separate body of law will be created. Problems of venue, inconsistent results and forum shopping will be nonexistent.

Although most of these cases are of a "routine" nature, the Court is fully cognizant of the potentially complex issues of law presented. The resources for making an informed decision are amply available. ■ Further, to mandate the two-step procedure espoused by the debtor would be inequitable. Relief from the automatic stay may be obtained only in the context of an adversary proceeding by a complaint and the subsequent process. Bankruptcy Rule 701; *In re Hawkins*, 8 B.R. 637, 7 B.C.D. 227 (Bkrtcy.N.D.Ga.1981); *In re Mullins*, 7 B.R. 1, 6 B.C.D. 646 (Bkrtcy.C.D.Cal.1980); *In the Matter of Harvey*, 3 B.R. 608, 6 B.C.D. 278 (Bkrtcy.M.D.Fla.1980); *In re Skaneateles Bowling Center, Inc.*, 5 B.R. 479, 6 B.C.D. 428 (N.D.N.Y.1980). An abandonment of property by the trustee does not constitute a release from the automatic stay. *In re Hawkins, supra.* The debtor's proposed procedure would needlessly increase the expense borne by the creditor *and the debtor* in protecting rights. A Sixty Dollar ($60) filing fee for the complaint for relief from stay and an additional court appearance would be required. Then he would have to proceed in detinue in state court.

This holding does not deny any debtor his day in court. Quite the opposite. He may appear, present evidence, cross-examine witnesses and argue to the Court. His rights shall not be trampled upon. But to make the system cumbersome, expensive and unwieldly is simply asking too much. Unnecessarily fostering a multiplicity of lawsuits to which there is no defense, as is the case here, would not be in the interests of the debtors, the creditors, the public at large, the bar or the courts.

Accordingly, the objection of the debtor is overruled and the motion of General Electric Credit Corporation is granted.

IT IS SO ORDERED.

---

1. See *In re Williams*, 9 B.R. 228, 7 B.C.D. 388 (Bkrtcy.D.Kan.1981). It is respectfully submitted that bankruptcy is not the legal equivalent of robbery. It has never been so construed and such an interpretation should not obtain today.