In re Jacqueline WILLIAMSON d/b/a Somewhere Over, Debtor.

Bankruptcy No. 80–04142A.

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

July 27, 1981.

HUGH ROBINSON, Bankruptcy Judge.

ORDER

This matter comes before the Court on Application to Abandon Personal Property, filed by Bank of the South, N.A., f/k/a Fulton National Bank, lessor of the subject personal property.

Motions and applications for abandonment filed by secured creditors have appeared before this Court with increasing frequency since the Bankruptcy Reform Act of 1978 came into effect. It is clear that these motions and applications are merely attempts to engage in stay litigation without the necessity of having to comply with the formal rules of procedure applicable to adversary proceedings. However, actions to obtain relief from the automatic stay are adversary proceedings under Rule 701(6) of the Bankruptcy Rules. In accordance with this rule it is the policy of the bankruptcy judges of this district that all proceedings concerning the automatic stay be treated as adversary proceedings. See *In Re: Larry Eugene Hawkins*, 8 B.R. 637 (Bkrtcy.N.D.Ga.1981) (Drake, B. J.).

Also, section 554(b) of Title 11 of the United States Code requires notice and a hearing before a Court may, on request of a party in interest, order the trustee to abandon property. A debtor should always be given notice of a petition for abandonment and an opportunity to be heard on his statutory right of redemption under 11 U.S.C. § 722. Also, possible holders of subordinate

**140**

liens must be given notice and an opportunity to be heard on an application for abandonment. There is no indication that the petition has been served on debtor nor is there any indication that the debtor has waived his right of redemption. See *In Re: Joseph Tribble*, Case No. 81–00161A (1981, B.C.N.D.Ga.), (Robinson, B. J.).

For the foregoing reason, it is

ORDERED that the application to abandon personal property shall be and is hereby denied.