In re Page TYLER and Barbara Joan Tyler, Debtors.

Bankruptcy No. 81–01271G.

United States Bankruptcy Court, E. D. Pennsylvania.

Nov. 17, 1981.

Stephen H. Silverman, Jenkintown, Pa., for debtors, Page Tyler and Barbara Joan Tyler.

Richard Green, Huntingdon Valley, Pa., for Austin National Bank.

James J. O'Connell, Philadelphia, Pa., trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge:

The instant case is before us on the motion of the bank for reconsideration of our order granting the debtors' motion for reconsideration of our order of August 18, 1981, granting, by default, the bank's application for an abandonment of the debtors' van and lifting the stay as to that van. We will deny the bank's motion for reconsideration because we conclude that the debtors are entitled to reconsideration of our order of abandonment (1) because they had filed a timely answer to the bank's application and (2) because, contrary to the bank's assertion, the order of abandonment did not modify the stay with respect to the debtors' interest in the van, but only with respect to the estate's interest. However, the debtors' answer to the bank's application for an abandonment fails to raise any defense to that application and, therefore, our order of abandonment of August 18, 1981, will stand.

The facts of the case are as follows:[1] On April 7, 1981, Page and Barbara Joan Tyler ("the debtors") filed a petition for an adjustment of their debts under chapter 13 of the Bankruptcy Code ("the Code"). In that petition the debtors claimed as exempt under § 522(d) their interest in a 1978 G.M.C. van. On June 16, 1981, Austin National Bank ("the bank") filed an application for an abandonment of the debtors' van, in which it had a security interest. On July 8, 1981, notice was sent to the debtor, creditors and all parties in interest of the bank's application for abandonment. That notice provided that an answer, objection or other responsive pleading must be filed with the court and a copy with the bank's counsel within 15 days. Although the debtors did file a timely answer to the bank's application, that answer was not docketed by the clerk's office. In addition, the debtors failed to serve a copy of their answer on the bank's counsel. As a result, the bank's counsel certified that no answer had been filed and requested that its application be granted. Therefore, on August 18, 1981, we entered the order submitted by the bank with its application. The bank thereupon repossessed the van and transported it to Texas for resale. On August 25, 1981, the debtors filed a motion for reconsideration of our order of August 18, 1981, and requested a stay pending that reconsideration. We granted the debtors' motion for reconsideration and granted their request for a stay pending that reconsideration. The bank thereafter filed a motion for reconsideration of our order granting the debtors' motion for reconsideration. A hearing was held on the bank's motion on October 5, 1981.

█ After consideration of the arguments of the parties, we reaffirm our decision to allow the debtors' motion for reconsideration for two reasons. First, the debtors did file a timely answer to the bank's application for abandonment and should, thus, be given the opportunity to be heard on that application. It was only by the error of the clerk's office that that answer was not docketed and brought to the bank's and the court's attention prior to our granting the bank's application. We do not believe that the debtors should be penalized because of a mistake by the clerk's office.

█ The bank asserts, however, that, if we do not grant its motion for reconsideration and reaffirm our order of abandonment, it will be the bank which is penalized because of the mistake of the clerk's office and because of the debtors' failure to serve a copy of their answer on the bank's counsel. The bank points to the costs (allegedly over $1,000) incurred by it in repossessing the van and transporting it to Texas for resale. However, we conclude that the bank was not justified in expending those sums in reliance on the order of abandonment. This is so because an order of abandonment acts only as an abandonment of the estate's interest in the property, not as an abandonment of the debtors' interest. See 11 U.S.C. § 554. See, also, In re Quinlan, 12 B.R. 516, 517 (Bkrtcy.W.D.Wis.1981); In re Bullock, 11 B.R. 73, 75 (Bkrtcy.E.D. Va.1981); In re Coronado, 11 B.R. 8, 9 (Bkrtcy.D.Ariz.1981); In re Motley, 10 B.R. 141 (Bkrtcy.M.D.Ga.1981); In re Hawkins, 8 B.R. 637, 7 B.C.D. 227 (Bkrtcy.N.D.Ga. 1981); In re Cruseturner, 8 B.R. 581, 7 B.C.D. 235, 3 C.B.C.2d 770 (Bkrtcy.D.Utah 1981). See generally, Jalbert, Abandonments Under the New Bankruptcy Code, 86 Commercial Law Journal 359 (October, 1981). Therefore, since the debtors herein still retained an interest in the van after the order of abandonment, we conclude that the automatic stay provisions of § 362(a) still protected the debtors' interest and the actions of the bank in repossessing the van were a violation of that stay. See specifically, 11 U.S.C. § 362(a)(5).[2] See also, cases cited supra.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Section 362(a)(5) stays "(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures

For the above reasons, we deny the bank's motion for reconsideration and reaffirm our order of August 25, 1981, granting the debtors' motion for reconsideration of our order of abandonment.

However, when we reconsider our order of abandonment in light of the debtors' answer, we find that that answer fails to raise any defense to the bank's application. The only issue before the court in an application for abandonment is whether there is a reason that the estate's interest in the property should be preserved or, instead, whether the property is so worthless or burdensome to the estate that it should be removed therefrom. The debtors' answer does not address this issue but rather addresses the issue of the debtors own interest in the property. That issue would only be relevant if the bank were to file a complaint for relief from the stay against the debtors. Therefore, we conclude that the debtors have raised no relevant defense to the bank's application for abandonment of the debtors' van and our order of August 18, 1981, granting that application will be reaffirmed. However, as we have noted above, that order does not affect the debtors' interest in the van and does not act as a modification of the automatic stay with respect to the debtors' interest.

a claim that arose before the commencement of the case under this title." The legislative history of that section states:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It *gives the debtor a breathing spell from his creditors.* It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 340 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 54 (1978), U.S.Code Cong. & Admin.News 1978, pp.5787, 6296, 5840. (Emphasis added.)