In the Matter of MANDALAY SHORES COOPERATIVE HOUSING ASSOCIATION, Debtor.

Marilyn Hosticka FULTON, et al., Plaintiff,

and

Division of Florida Land Sales and Condominiums, Intervenor,

v.

MANDALAY SHORES COOPERATIVE HOUSING ASSOCIATION, Defendant & Third Party Plaintiff,

v.

William STERN, et al., Third Party Defendant.

Bankruptcy No. 81–547.
Adv. No. 82–30.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 10, 1982.

Mary Louise Wagstaff and Robert J. Ward, Largo, Fla., for plaintiffs.

Jawdet I. Rubaii, Clearwater, Fla., for defendant.

Helen Ellis, Tallahassee, Fla., for Div. of Fla. Land Sales & Condominiums.

ORDER ON MOTION TO COMPEL AND FOR SANCTIONS, MOTION TO STAY ADVERSARY PROCEEDING AND MOTION TO REMAND

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a business reorganization case and the matters under consideration are a "Motion to Compel and for Sanctions" filed by Mandalay Shores Cooperative Housing Association (MSCHA), the Debtor involved in the above-captioned Chapter 11 reorganization case; a "Motion to Stay Adversary Proceeding" and a "Motion to Dismiss" filed by the Division of Land Sales and Condominiums (Division of Land Sales); and an Application to Remand filed by the above-named Plaintiff.

The above-captioned adversary proceeding is a civil action originally commenced by Marilyn Hosticka Fulton (Fulton), et al. in the Circuit Court in and for the Sixth Judi-cial Circuit of the State of Florida, Civil Case No. 79–12720–14. By virtue of an Application for Removal filed by MSCHA pursuant to Interim Rule 7004, the suit was removed to this Court on September 6, 1981. Previously on May 19, 1980, the Division of Land Sales had intervened as party plaintiff and filed a complaint against MSCHA and requested the seizure of all assets of MSCHA and the appointment of a receiver for the assets of MSCHA.

On March 15, 1982, Division of Land Sales filed a Motion to Remand. The Motion to Remand was heard in due course, but denied after notice and hearing. Thereafter, the parties embarked on extensive discovery proceedings.

In the interim, MSCHA filed a counterclaim against the Division of Land Sales, who promptly filed a Motion to Dismiss the counterclaim. The Motion urged a dismissal on the ground that the claim asserted against the State of Florida cannot be maintained without its consent by virtue of the Eleventh Amendment of the United States Constitution. On June 22, 1982, this Court entered an order and denied the Motion to Dismiss filed by the Division of Land Sales.

On July 20, 1982, the Supreme Court of the United States announced its decision in the case of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) and held, albeit, only by a plurality, that the jurisdictional grant by § 241(a) of the Bankruptcy Reform Act of 1978, P.L. 95–595, amending 28 U.S.C. was an unconstitutional grant of jurisdiction to bankruptcy judges and in violation of Article III of the United States Constitution. The holding of the plurality seems to indicate that the entire jurisdictional grant set forth in § 1471 et seq., of the Judicial Code of the United States, 28 U.S.C. § 1471 et seq., had impermissibly removed most, if not all, of "the essential attributes of the judicial power" from the Article III district court and vested those attributes in a non-Article III adjunct, i.e. the newly established Bankruptcy Courts, in violation of Article III of the

Constitution. The plurality agreed that the effectiveness of the judgment should be stayed until October 4, 1982 and on that date granted a further extension of the effectiveness until December 24, 1982, in order to afford Congress an opportunity to reconstruct the bankruptcy courts or to adopt other valid means of adjudication. In light of the holding of the plurality in *Marathon, supra,* there is no doubt that the issues involved in this adversary proceeding, i.e. breach of contract, violation of securities law and common law fraud, can be considered by this Court at this time.

The first Motion under consideration is filed by Division of Land Sales, which seeks a dismissal or a stay of this adversary proceeding. The Motion is based on the contention that this law suit involves rights created by state law, rights independent of and antecedent to the reorganization petition, thus, under the holding of *Marathon, supra,* the proceeding should be dismissed or in the alternative should be suspended pending resolution of the constitutional crisis created by *Marathon.*

Assuming for the purpose of discussion that this Court still functions as a court with full jurisdiction at least until December 24, 1982, the argument by the Division of Land Sales based on the holding of *Marathon* misses the mark completely. Unlike the suit involved in *Marathon,* this suit was not commenced by MSCHA who sought to assert a state created right but was commenced by non-debtor Plaintiffs against MSCHA. It takes no elaborate discussion and citation of supporting authority to demonstrate that jurisdiction to consider the allowance or disallowance of claims against a debtor is exclusively and uniquely within the competency of the Bankruptcy Court where the case is pending. There is nothing in *Marathon* which even intimates that validity of claims asserted against a debtor must be tried in a non-bankruptcy forum even if the claim asserted is based on a traditionally recognized state created statutory or common law rights.

While it is true that the removed law suit now contains a counterclaim by MSCHA against the Division of Land Sales who intervened in the suit, this would not necessarily compel the dismissal because of the holding in *Marathon, supra.* The counterclaim filed by MSCHA is a compulsory counterclaim which would be waived and lost unless asserted. Bankruptcy Rule 713, FRCP 13. Thus, it appears from the foregoing that the Motion to Dismiss the above-captioned adversary proceeding based on the contention of lack of jurisdiction is without merit and is not supported by the decision in *Marathon.*

This leaves for consideration whether or not the Motion to Stay should be treated as a Renewed Motion to Remand the proceeding to the State Court where the action was originally commenced or in the alternative, to abstain pursuant to 28 U.S.C. § 1478 in light of the decision in *Marathon.*

The power of the bankruptcy courts to accept cases removed pursuant to 28 U.S.C. § 1478 was also held to be an unconstitutional grant of jurisdiction and invalid under *Marathon,* but only by virtue of the holding of the plurality that the jurisdictional grant of § 241(a) of the Bankruptcy Reform Act set forth in 28 U.S.C. § 1471, et seq, is a unitary scheme and nonseverable. It is clear, however, that the holding of the Supreme Court in *Marathon* does not have retroactive application and its effectiveness was extended to December 24, 1982. Thus, theoretically the power of acceptance and retention of a removed case is unaffected by that decision and the proceeding is properly before this court. The question still remains, however, whether in light of the principles enunciated by the plurality in *Marathon,* this Court should reconsider the propriety of the removal and upon consideration, remand the proceeding to the state court or whether the Court should retain the case, but suspend all further proceedings pending the resolution of the jurisdictional dilemma created by *Marathon,* taking into consideration the factors traditionally recognized to guide the courts when considering a motion to remand a removed case.

In this case, the parties conducted extensive discovery and have represented that this case is ready to be tried within a short time. The difficulty stems from the fact that there is a demand for jury trial and the ability of this Court to conduct a jury trial at this time, especially prior to December 24, 1982, is problematical, if not well-nigh impossible.

Furthermore, this suit involves numerous non-debtor defendants and the Court is not convinced that it should entertain a controversy between non-debtor plaintiffs and non-debtor defendants, even though the debtor is involved and may be an indispensible party to some counts of the Complaint. This being the case, and in light of the foregoing discussion, the Court is satisfied that the first alternative suggested above, i.e. to remand the proceeding to the state court, is the most just and acceptable resolution of this matter. However, this course of action is with the proviso that all discovery conducted by this Court shall remain an integral part of the case and is binding on all of the litigants involved. In addition, remand of the case is not to be equated with modification of the stay, but the Plaintiffs must seek leave of the Court under Bankruptcy Rule 701 et seq. to proceed in the State Court.

In light of this decision, the Application to Remand filed by the Plaintiffs is moot. That Application also requested that this Court lift the automatic stay. However, modification of the stay is an issue which must be decided within the context of an adversary proceeding. *In re Harris,* 16 B.R. 371 (Bkrtcy.E.D.Tenn.1982); *In re Harvey,* 3 B.R. 608 (Bkrtcy.M.D.Fla.1980); *In re Hawkins,* 8 B.R. 637 (Bkrtcy.N.D.Ga.1981). Such a request by motion is insufficient and this aspect of the Plaintiff's Application to Remand must also be denied.

This leaves for consideration the Motion to Compel filed by MSCHA. The Court considered this Motion and is satisfied that the Motion is without merit and should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Stay Adversary Proceeding, treated as a Renewed Motion to Remand, be, and the same hereby is, granted and the entire adversary proceeding be and the same hereby is, remanded for trial to the Circuit Court in and for the Sixth Judicial Circuit of the State of Florida. It is further

ORDERED, ADJUDGED AND DECREED that all discovery heretofore conducted in this Court shall remain an integral part of the case and is binding on all litigants involved. It is further

ORDERED, ADJUDGED AND DECREED that in light of the foregoing, it is unnecessary to rule on the Motion to Stay and Motion to Dismiss filed by the Division of Land Sales of the State of Florida. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Compel filed by MSCHA be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that in light of the foregoing it is unnecessary to rule on the Application to Remand filed by Marilyn Hosticka Fulton, et al., except that to the extent that the Application requests modification of the stay, it is denied. It is further

ORDERED, ADJUDGED AND DECREED that the automatic stay imposed by § 362 of the Code shall remain in full force and effect until further order of this Court and nothing in this Order shall be construed to lift or modify the automatic stay in any manner, provided however, that the entry of this Order is without prejudice to the Plaintiffs to file a complaint seeking relief from the automatic stay if they are so deemed to be advised.