## Ambrosia v. Yerage

*William R. Balph,* for plaintiff.
*Angelo A. Papa,* for defendants.

CAIAZZA, *J.,* October 28, 1988—We have before us for consideration defendants' exceptions to proposed distribution of the proceeds of the sale of defendants' residence pursuant to a writ of execution.

From the record, we glean the following facts.*

On May 19, 1986, a complaint and confession of judgment was entered in the amount of $14,950 against defendants and in favor of plaintiff at no. 394 of 1986, D.S.B. relating to no. 888 of 1981, D.S.B., revived at no. 544 of 1986, D.S.B. A writ of execution was also issued on that date at no. 56 of 1986, E.D.

On November 6, 1986, defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C.S. §101 et seq., with the U.S. Bankruptcy Court for the Western District of Pennsylvania. That same date, the Bankruptcy Court issued an order at no. 86-02867 staying all proceedings against defendants.

---

* The exhibits attached to the defendants' brief in support of exceptions to distribution by George Sigler, Sheriff, Lawrence County, were not considered as part of the record.

On March 11, 1987, the trustee of defendants' bankruptcy estate submitted to the Bankruptcy Court a trustee's report and petition to abandon property. The report stated that a portion of the bankruptcy estate consisted of an interest in real property subject to the lien of a judgment of Rose M. Ambrosia, such judgment being the judgment previously discussed in this opinion. The report then described that interest as the premises known as 734 Castle Street, being defendant's place of residence. The report also stated that the premises were subject to other additional liens. The report then declared that in the opinion of the trustee, the property had no equity for the general creditors of the estate and that the property was onerous and burdensome to the estate.

On March 18, 1987, defendants were discharged of debts pursuant to a discharge of debtors order by the Bankruptcy Court. On November 3, 1987, the Bankruptcy Court granted the petition to abandon defendants' residence from the estate. On November 30, 1987, the bankruptcy estate was closed.

The writ of execution at no. 56 of 1986, E.D. was reissued on November 30, 1987 and again on December 16, 1987.

On December 28, 1987, defendants filed a claim for exemption with the Lawrence County sheriff's office. Paragraph 8 of that claim sought a "$15,000 exemption for proceeds of real estate sale as provided by U.S. Bankruptcy Laws and as filed by affiant at no. 86-02867 U.S. Bankruptcy Court for the Western District of Pennsylvania."

Pursuant to the writ of execution at no. 56 of 1986, E.D., a sheriff's sale was conducted on January 12, 1988, at which time defendants' property and residence at 734 Castle Street was sold for the sum of $21,200.

On January 19, 1988, a schedule of proposed distribution of proceeds from the sale was submitted by the sheriff's office to this court. That schedule listed defendants' exemption as $300, that amount representing the statutory exemption found in 42 Pa. C.S. §8123(a). The schedule did not include the $15,000 exemption claimed by defendants.

On January 22, 1988, defendants filed the instant exceptions to proposed distribution. Paragraph 2 of that document asserts the following:

"The sheriff's proposed distribution fails to list defendants' federal statutory exemptions of $15,000 provided by the U.S. Bankruptcy Code."

We are now called upon under Pa.R.C.P. 3136(f) to determine whether defendants are entitled to have that exemption applied in an execution proceeding at the state court level. We would note at the outset that this appears to be a case of first impression for the courts of this commonwealth.

## I

Defendants contend that Pennsylvania has not foreclosed to its residents the use of the federal bankruptcy exemptions by expressly opting out as prescribed in the Bankruptcy Code, but instead has allowed and even expressly authorized its residents to use the federal exemptions in execution proceedings, as evidenced by 42 Pa.C.S. §8121.

While we agree with the first part of defendants' contention, we disagree with the latter portion.

Under 11 U.S.C.S. §541(a)(1), a debtor's bankruptcy estate is comprised of all the legal or equitable property interests of the debtor at the time of the commencement of the case. However, 11 U.S.C.S. §522(b) permits the debtor to exempt property from the estate by choosing between two alternative exemption systems—the debtor may exempt from the

estate either the property specified in 11 U.S.C.S. §522(d) or, in the alternative, property exempt under applicable federal non-bankruptcy law and state or local law.

Section 522(b) further provides that a state may foreclose its residents from selecting the federal bankruptcy exemption alternative and require them to use the exemptions available under federal non-bankruptcy law and state or local law. This "opting out" of the federal bankruptcy exemptions would be accomplished by a state law specifically not authorizing the use of the federal bankruptcy exemptions.

We agree with defendants in so far as they contend that Pennsylvania has not so "opted out" the federal bankruptcy exemptions and that those exemptions are still available to Pennsylvania debtors in bankruptcy proceedings.

Defendants further contend that Pennsylvania has expressly authorized its residents to use the federal bankruptcy exemptions in other proceedings, such as execution proceedings, under the provisions of 42 Pa.C.S. §8121. Here we must disagree with defendants.

Chapter 81, subchapter B, of Title 42 Pa.C.S. sets forth Pennsylvania's statutory law on exemptions from execution. Section 8121 of that subchapter provides the following:

"(a) *General rule* — Except as provided by subsection (b) the exemptions from execution specified in this subchapter are in addition to any other exemptions from execution granted by any other statute.

"(b) *Specific sum of money* — Except as otherwise expressly provided by statute, where the provisions of this subchapter and of any other statute granting exemption from execution in terms of a specific sum of money are simultaneously applica-

ble to execution against a judgment debtor, such exemptions shall not be aggregated, but the judgment debtor shall be entitled to the benefit of the applicable statute granting exemption in terms of the largest specific sum of money."

Defendants argue that this provision could only be reasonably interpreted to allow more exemptions than those specified in the remainder of the chapter. Clearly, the intent of section 8121(a) was to allow state residents any additional exemptions from execution granted by other statutes not within Chapter 81. However, the key language of the provision that we must focus upon is the language "any other statute." We do not believe that language can be construed under the Statutory Construction Act, 1 Pa.C.S. § 1501 et seq., to include the federal bankruptcy exemptions provided in the Bankruptcy Code.

Turning now to relevant provisions of the Statutory Construction Act, section 1901 provides that in the construction of the statutes of this commonwealth, the rules set forth in the chapter on rules of construction (Chapter 19) shall be observed unless the application of such rules would result in a construction inconsistent with the manifest intent of the General Assembly.

Section 1903(a) provides the following:

"Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases *and such others* as have acquired a peculiar and appropriate meaning *or are defined in this part, shall be construed according to such* peculiar and appropriate meaning or *definition.*" (emphasis supplied)

Further, section 1991 provides that words and phrases defined in that section, when used in any

statute finally enacted on or after September 1, 1937, unless the context clearly indicates otherwise, shall have the meaning ascribed to them in that section. Section 1991 defines "statute" as "an act of the General Assembly, whether under the authority of the commonwealth or of the late proprietaries of the province of Pennsylvania."

Under this constructional analysis, the term "statute" as used in 42 Pa.C.S. §8121 can be construed to refer only to other statutes of Pennsylvania. It cannot be construed to refer to or to include the provisions of the federal Bankruptcy Code. We conclude, therefore, that 42 Pa.C.S. §8121 does not make the federal bankruptcy exemptions of 11 U.S.C.S. §522(d) available to debtors in state execution proceedings.

We do not believe that this construction of 42 Pa.C.S. §8121 creates a result that is inconsistent with the manifest intent of the Pennsylvania General Assembly. Moreover, we conclude that defendants' references of legislative history are misplaced in this case.

Defendants refer to House Bill 1874, PR.'s no. 2318, considered by the Pennsylvania House Judiciary Committee in 1979. As discussed by defendants, that bill attempted to foreclose the use of the federal bankruptcy exemptions by Pennsylvania residents filing for bankruptcy and to require them to use the exemptions available in Pennsylvania execution proceedings. Defendants also refer to House Resolution no. 243 of 1980 which called upon the Joint State Government Commission to appoint a task force to review the then new federal exemptions and the exemption laws of Pennsylvania. The task force finalized its recommendations on March 30,

1982, from which defendants excerpted the following passage:

"The Joint State Government Commission recommends that the federal statutory authority granted to states to foreclose the use of federal bankruptcy exemptions be exercised . . .

We see these references of legislative history as reflecting only upon the question of whether Pennsylvania has exercised its right to "opt" out the federal bankruptcy exemptions and thereby preclude their use by residents in a bankruptcy proceeding. That presents a completely different question as opposed to the more relevant query in the case sub judice, viz., whether 42 Pa.C.S. §8121 expressly authorizes the use of those exemptions in other proceedings such as an execution proceeding.

Further, we draw inferential support for our decision from the Rules of Civil Procedure relating to the enforcement of money judgments and to enforcement in special actions. The official note to Rule 3123.1, adopted March 16, 1981, states that Pennsylvania and federal law provide numerous exemptions of property from execution. The note then provides a list of exemptions so included. Significantly, the list enumerates only the exemptions provided in 42 Pa.C.S. §8121 et seq. and a number of federal non-bankruptcy exemptions. The federal bankruptcy exemptions provided in 11 U.S.C.S. §522(d) are not included on that list. Also, Rule 3252(a), amended March 16, 1981, provides, inter alia, that a writ of execution shall include a summary of the major exemptions available. The major exemptions under Pennsylvania and federal law listed in that rule do not include any of the federal bankruptcy exemptions of 11 U.S.C.S. §522(d).

From the foregoing discussion, we conclude that the federal bankruptcy exemptions provided in 11

U.S.C.S. §522(d) are not available to debtors in execution proceedings at the state court level. Therefore, defendants herein are not entitled to the $15,000 exemption they seek under that provision.

## II

Defendants have also raised contentions regarding the abandonment of their residence under 11 U.S.C.S. §554.

First, defendants contend that abandonment in no way deprives a debtor of his interest in the property, such interest having been duly declared as of the filing of the bankruptcy petition and all process against that property being stayed since that time. Defendants further assert that the abandonment terminates only the stay which protected the estate's interest in the property and that the automatic stays authorized under 11 U.S.C.S. §362(a) to protect the debtor's interest in the property are not so terminated.

We agree that an order of abandonment acts only as an abandonment of the estate's interest in the property, not an abandonment of the debtor's interest. *In re Tyler,* 15 B.R. 258 (Bkrtcy., E.D. Pa. 1981). We also agree that the abandonment does not terminate the stay protecting the debtor's interest in the property. Termination of that protection can occur only when one of the events listed in 11 U.S.C.S. §362(c)(2) occurs; i.e., the case is closed, the case is dismissed, or an order of discharge is entered, whichever comes first. *In re Berry,* 11 B.R. 886 (Bkrtcy., W.D. Pa. 1981).

In the instant case, an order of discharge was entered on March 18, 1987 and the estate was closed on November 30, 1987. Clearly, the automatic stay protecting defendant's interest in the property had

been terminated at the time the execution herein took place.

Defendants also contend that the abandonment proceeding in this case was improper and that their residence should not have been abandoned. The determination of what property, if any, is to be abandoned from the estate is made by the trustee and approved or disapproved by the Bankruptcy Court. We cannot make or alter that determination.

## III

Finally, defendants contend that the debtor's right to declare a homestead exemption is such a strong public policy that deprivation would be manifestly unjust and well beyond the intent of state and/or federal exemption law.

This contention presupposes that there is a homestead exemption available to debtors in execution proceedings. We conclude that no such exemption is available. Defendants admit that no such homestead exemption currently exists under Pennsylvania exemption law. Further, we have already determined that the homestead exemption provided by 11 U.S.C.S. §522(d) is not available to debtors in state execution proceedings.

Accordingly, we hold that defendants' exceptions to proposed distribution of the proceeds of the sale of their residence must be dismissed. Hence, the accompanying

## ORDER OF COURT

Now, October 28, 1988, in conformity with the attached opinion, defendants' exceptions to proposed distribution are hereby dismissed.