# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
September 5, 2002 Session

## IN RE RONALD LEBRON AKINS, SR.

**Rule 23 Certified Question of Law**
**United States Bankruptcy Court for the Eastern District of Tennessee**
**No. 01-13388      John C. Cook, Judge**

---

**No. M2002-00337-SC-R23-CQ - Filed November 1, 2002**

---

Pursuant to Rule 23 of the Supreme Court of Tennessee,[1] this Court accepted certification of the following questions from the United States Bankruptcy Court for the Eastern District of Tennessee, Southern Division:

> (1) Whether the following acknowledgment on a deed of trust is valid under Tennessee law:
>
> State of Tennessee
> County of Bradley
>
> I, Tammy Bentley, a Notary Public of the county and state first above written, do hereby certify that Ronald L. Akins, unmarried, personally appeared before me this day and acknowledged the execution of the foregoing instrument.
>
> Witness my hand and official seal, this 12th day of April, 2000.
>
> //s// Tammy Bentley
> Notary Public
> My commission expires: 2/26/2003

---

[1]"The Supreme Court may, at its discretion, answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a District Court of the United States in Tennessee, or a United States Bankruptcy Court in Tennessee.  This rule may be invoked when the certifying court determines that, in a proceeding before it, there are questions of law of this state which will be determinative of the cause and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of Tennessee." Tenn. Sup. Ct. R. 23, § 1.

(2) If the foregoing certificate of acknowledgment is not valid, then whether the admittedly valid acknowledgment on the assignment of rents cures the defective acknowledgment on the deed of trust under the circumstances of this case.

We hold that the deed of trust in this case was properly acknowledged under Tennessee law and is not voidable by a judicial lien creditor or a bona fide purchaser for value.

## Tennessee Sup. Ct. R. 23 Certified Question of Law

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ, joined.

Linda W. Knight, Nashville, Tennessee, for the appellant, Community Trust & Banking Company.

Christopher Todd Varner and Richard P. Jahn, Jr., Chattanooga, Tennessee, for the appellee, Richard P. Jahn, Jr.

Amy Pierce and B. Anthony Saunders, Nashville, Tennessee, for the amicus curiae, Tennessee Bankers Association.

## OPINION

### Factual and Procedural Background

This matter arises from a federal bankruptcy proceeding. The debtor in the bankruptcy proceeding, Ronald L. Akins, Sr., filed a voluntary petition for Bankruptcy under Chapter 7 of the United States Bankruptcy Code on May 25, 2000. In his capacity as appointed bankruptcy trustee, Richard P. Jahn, Jr. filed an adversary proceeding seeking to set aside a deed of trust executed by Mr. Akins on April 12, 2000. The defendant in the adversary proceeding, Community Trust & Banking Company ("CTB"), is the beneficiary of the deed of trust at issue.

CTB made a loan of $175,000 to Mr. Akins in April of 2000. On April 24, 2000, a deed of trust was recorded in the Office of the Register of Deeds of Meigs County, Tennessee, securing payment of the $175,000 note. The clause acknowledging Mr. Akins' signature on the deed of trust reads as follows:

> State of Tennessee
> County of Bradley
>
> I, Tammy Bentley, a Notary Public of the county and state first above written, do hereby certify that Ronald L. Akins, unmarried, personally

appeared before me this day and acknowledged the execution of the foregoing instrument.

Witness my hand and official seal, this 12th day of April, 2000.

//s// Tammy Bentley
Notary Public
My commission expires: 2/26/2003

To further secure the loan, Mr. Akins also executed a Collateral Assignment of Rents in favor of CTB. This document was executed before the same notary public on the same date as the deed of trust and was also recorded on the same date as the deed of trust. The acknowledgment on the assignment of rents reads as follows:

> Before me personally appeared Ronald L. Akins, <u>unmarried</u>, <u>to me known to be the person(s) described in and who executed the foregoing instrument</u>, and acknowledged the execution of the same as his free act and deed for the purposes therein contained.

(emphasis added). The Trustee does not dispute the validity of the assignment of rents or its acknowledgment.

The Trustee seeks to avoid the lien under the deed of trust of which CTB is the beneficiary on the grounds that its certificate of acknowledgment is invalid. Specifically, the Trustee argues that because the certificate does not adequately demonstrate the notary's knowledge of the identity of the person appearing before her, the deed of trust is void. Both parties filed motions for partial summary judgment. In connection with these motions, we accepted the aforementioned questions of law from the United States Bankruptcy Court for the Eastern District of Tennessee, Southern Division.

For the following reasons, we hold that the deed of trust was properly acknowledged under Tennessee law and is not voidable by a judicial lien creditor or a bona fide purchaser without notice.

## ANALYSIS

### I. First Certified Question

Chapter 22 of Title 66 of the Tennessee Code Annotated governs the acknowledgment of instruments. Forms of certificates of acknowledgment for cases in which an individual signs a deed of trust on his or her own behalf are set forth in Tennessee Code Annotated sections 66-22-107(a)-(b) and 66-22-114(a). Section 66-22-107 includes the following:

> a) If the acknowledgment is made before a county clerk or deputy, or clerk and master, or notary public, or before any of the officers out of

-3-

the state who are commissioned or accredited to act at the place where the acknowledgment is taken, and having an official seal, viz: those named in §§ 66-22-103 and 66-22-104, and, also, any consular officer of the United States having an official seal, such officer shall write upon or annex to the instrument the following certificate, in which the officer shall set forth such officer's official capacity:

> State of Tennessee    )
> County of _____ )
>
> Personally appeared before me, (name of clerk or deputy) clerk (or deputy clerk) of this county, (bargainor's name), the within named bargainor, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that such person executed the within instrument for the purposes therein contained.
>
> Witness my hand, at office, this ___ day of ___, 19__.

(b) Or, in the alternative, the following certificate, in case of natural persons acting in their own right:

> State of Tennessee    )
> County of _____ )
>
> On this ___ day of _____, 19 ___, before me personally appeared _____, to me known to be the person (or persons) described in and who executed the foregoing instrument, and acknowledged that such person (or persons) executed the same as such person (or person's) free act and deed.

(emphasis added).  Section 66-22-114(a), which contains an alternative "universal" form of certificate of acknowledgment, states:

> If the acknowledgment be made before any of the officers who are authorized to take such acknowledgment under the provisions of this chapter or any consular officer of the United States having an official seal, such officer shall write upon or annex to the instrument a certificate of acknowledgment. The following form shall constitute a valid certificate of acknowledgment:

State of _____ )
County of _____ )

Personally appeared before me, (name of officer), (official capacity of officer), (name of the natural person executing the instrument), <u>with whom I am personally acquainted</u>, and who acknowledged that such person executed the within instrument for the purposes therein contained (the following to be included only where the natural person is executing as agent), and who further acknowledged that such person is the (identification of the agency position of the natural person executing the instrument, such as "attorney-in-fact" or "president" or "general partner") of the maker or a constituent of the maker and is authorized by the maker or by its constituent, the constituent being authorized by the maker, to execute this instrument on behalf of the maker.

Witness my hand, at office, this \_\_\_ day of \_\_\_, 19\_\_\_.

(emphasis added). Missing from the certificate of acknowledgment on the deed of trust in this case is any prescribed language indicating the notary's familiarity with the individual who assigned the deed of trust, Ronald L. Akins. A deed of trust that is not properly acknowledged is "null and void as to existing or subsequent creditors of, or bona fide purchasers from, the makers without notice." Tenn. Code Ann. § 66-26-103 (1993); <u>Limor v. Fleet Mortg. Group (In re Marsh)</u>, 12 S.W.3d 449, 454 (Tenn. 2000). Thus, the issue is whether the omission of the prescribed words on the deed of trust's certificate of acknowledgment allows the Trustee to avoid CTB's liens.

*Statutory Construction*

Tennessee Code Annotated section 66-26-113 and Tennessee Code Annotated section 66-22-114(b) currently address how to determine the validity of a certificate of acknowledgment that does not follow one of the aforementioned statutorily prescribed forms. Section 66-26-113 states the "substantial compliance" test:

> The unintentional omission by the clerk or other officer of any words in a certificate of an acknowledgment, or probate of any deed or other instrument, shall in nowise vitiate the validity of such deed, but the same shall be good and valid to all intents and purposes, <u>if the substance of the authentication required by law is in the certificate</u>.

(emphasis added). A predecessor of this statute, with substantially the same language, was first enacted in 1845. In 1987, the General Assembly added Tennessee Code Annotated section 66-22-114(b), which states the "intent" test:

> Any certificate <u>clearly evidencing intent to authenticate, acknowledge</u>
> <u>or verify a document shall constitute a valid certificate of</u>
> <u>acknowledgment for purposes of this chapter</u> and for any other
> purpose for which such certificate may be used under the law. <u>It is the</u>
> <u>legislative intent that no specific form or wording be required in such</u>
> <u>certificate and that the ownership of property, or the determination of</u>
> <u>any other right or obligation, shall not be affected by the inclusion or</u>
> <u>omission of any specific words.</u>

(emphasis added). Tennessee Code Annotated section 66-22-114(b) does not contain any provision that repeals section 66-26-113.

Statutes addressing the same subject must be construed in connection with all others on the same subject. <u>See</u> <u>Black v. State</u>, 290 S.W. 20, 21 (Tenn. 1927); <u>Faulkner v. Nashville</u>, 285 S.W. 39, 42 (Tenn. 1926). Furthermore, this Court must interpret statutes on the same subject so that they operate in harmony, not in conflict with each other. <u>See</u> <u>Parkridge Hospital, Inc. v. Woods</u>, 561 S.W.2d 754, 755 (Tenn. 1978). Finally, the legislature is presumed to know of its prior enactments. <u>See</u> <u>State v. Hicks</u>, 55 S.W.3d 515, 523 (Tenn. 2001) (citations omitted). Consequently, courts should find repeals by implication only when statutes cannot be construed harmoniously. <u>See</u> <u>id.</u>

In this case, the two statutes at issue reasonably can be construed so as to give effect to each. Tennessee Code Annotated section 66-22-113 addresses the unintentional omission of words by the officer taking an acknowledgment while Tennessee Code Annotated section 66-22-114(b) addresses the intent of the person signing a document to properly acknowledge his or her signature. Although the two statutes are different, they are not necessarily inconsistent. Both statutes in this case are "savings statutes." They can be interpreted as simply providing alternative ways in which a certificate of acknowledgment that does not follow a prescribed form may be found to be valid. The acknowledgment on the deed of trust in this case does not contain the prescribed words "with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence)" or "to me known to be the person (or persons) described in and who executed the foregoing instrument." Thus, we may look to either of these two statutes to determine the validity of the acknowledgment.

*Tennessee Code Annotated Section 66-26-113: Substantial Compliance*

Tennessee Code Annotated section 66-26-113 codifies the "substantial compliance" test. Prior to the enactment of Tennessee Code Annotated section 66-22-114(b), the use of statutorily prescribed "magic words" was found to be practically indispensable. Substantial compliance was found lacking in numerous cases in which a certificate of acknowledgment failed to state that the notary public was "personally acquainted" with the acknowledging party or to include words that were functionally equivalent. <u>See, e.g.</u>, <u>McAllester v. Aldridge (In re Anderson)</u>, 30 B.R. 995 (Bankr. M.D. Tenn. 1983); <u>In re Airport-81 Nursing Care, Inc.</u>, 29 B.R. 501 (Bankr. E.D. Tenn. 1983); <u>Jefferson County Bank v. Hale</u>, 280 S.W. 408 (Tenn. 1926); <u>Fall & Cunningham v. Roper</u>, 40 Tenn. 485 (1859); <u>Johnson v. Walton</u>, 33 Tenn. 258 (1853); <u>Savings, Bldg., & Loan Ass'n v.</u>

<u>McLain</u>, 76 S.W.2d 650 (Tenn. Ct. App. 1934). In <u>Collins v. Binkley</u>, this Court acknowledged in a footnote that

> [w]hile no question has been raised on appeal as to whether the absence of a showing of the acknowledging officer's personal acquaintance with the grantor renders the acknowledgement [sic] void, it has been held in numerous cases that in the absence of such a showing, the acknowledgment is a nullity and so is the registration of the instrument. E.g., <u>Figuers v. Fly</u>, 137 Tenn. 358, 193 S.W. 117 (1916); <u>Bells Administrators v. Lyles</u>, 78 Tenn. 44 (1882); <u>Henderson v. McGhee</u>, 53 Tenn. 55 (1871); <u>Harrison v. Wade</u>, 43 Tenn. 505 (1866).

750 S.W.2d 737, 738 n.1 (Tenn. 1988).

The aforementioned cases, however, do not construe the meaning of Tennessee Code Annotated section 66-26-113 after additions to the statutes governing acknowledgments in 1983. In 1983, the General Assembly relaxed the requirements regarding the extent of a notary's knowledge of the identity of an individual who purports to acknowledge his or her signature on an instrument. Such legislation added the phrase "(or proved to me on the basis of satisfactory evidence)" after the words "with whom I am personally acquainted" in Tennessee Code Annotated section 66-22-107(a). 1983 Public Acts, Ch. No. 158. This legislation also added subsections (b) and (c) to Tennessee Code Annotated section 66-22-106, which provide as follows:

> (b) For purposes of this chapter, "know" or "personally acquainted with" means having an acquaintance, derived from association with the individual in relation to other people and based upon a chain of circumstances surrounding the individual, which establishes the individual's identity with at least reasonable certainty.

> (c) For the purposes of this chapter, "satisfactory evidence" means the absence of any information, evidence, or other circumstances which would lead a reasonable person to believe that the person making the acknowledgment is not the individual such person claims to be and any one (1) of the following:

> (1) The oath or affirmation of a credible witness personally known to the officer that the person making the acknowledgment is personally known to the witness.

> (2) Reasonable reliance on the presentation to the officer of any one of the following, if the document is current or has been issued within five (5) years:

(A) An identification card or driver's license issued by the department of safety; or

(B) A passport issued by the United States department of state.

(3) Reasonable reliance on the presentation of any one (1) of the following, if the document is current or has been issued within five (5) years and contains a photograph and description of the person named on it, is signed by the person, bears a serial or other identifying number, and, in the event that the document is a passport, has been stamped by the United States immigration and naturalization service:

(A) A passport issued by a foreign government;

(B) A driver's license issued by a state other than Tennessee;

(C) An identification card issued by a state other than Tennessee; or

(D) An identification card issued by any branch of the armed forces of the United States.

The General Assembly also added subsection (d) to Tennessee Code Annotated section 66-22-106, which says "[a]n officer who has taken an acknowledgment pursuant to this section <u>shall be presumed to have operated in accordance with the provisions of this chapter</u>." (emphasis added).

If a notary does not know an individual who intends to acknowledge a document, he or she must verify the identity of that person by one of several methods enumerated in Tennessee Code Annotated section 66-22-106(c). The notary in this case could not properly certify that Mr. Akins personally appeared before her and made the necessary acknowledgment unless she knew him personally or he proved to her that he was who he claimed to be. In light of the presumption codified in Tennessee Code Annotated section 66-22-106(d), we must resolve any ambiguity as to whether the notary in this case performed her duties in the manner prescribed by law in favor of the regularity of the notary's act. While the certificate of acknowledgment on the deed of trust in this case does not include a recital that the notary personally knew the person who executed the deed, it can reasonably be inferred that Mr. Akins was in some way known to the notary because she included the word "unmarried" in the certificate. Therefore, the certificate of acknowledgment in this case is valid because it satisfies the substantial compliance test.

*Tennessee Code Annotated Section 66-22-114(b): Intent*

In addition to the substantial compliance test, Tennessee Code Annotated section 66-22-114(b) sets forth the independent "intent" test. Tennessee Code Annotated section 66-22-114(b) requires only that a certificate of acknowledgment clearly evidence the signer's "intent to authenticate, acknowledge or verify a document." Despite a lack of language evidencing the extent of the notary public's knowledge of Mr. Akins' identity, the certificate of acknowledgment at issue in this case clearly shows Ronald L. Akins' intent to acknowledge his signature on the deed of trust. The notary states in the certificate of acknowledgment that "Ronald L. Akins, unmarried, personally appeared before me this day and acknowledged execution of the foregoing instrument," and on the deed of trust itself the signature of Ronald L. Akins appears directly above a signature line, below which are typed the words, "Ronald L. Akins, unmarried." Thus, the certificate of acknowledgment in this case meets the "intent" criterion of Tennessee Code Annotated section 66-22-114(b).

Furthermore, the "intent" test substantially relaxes the pre-1987 requirements for certificates of acknowledgment by directing that they be liberally construed. Tennessee Code Annotated section 66-22-114(b) explicitly provides that "no specific form or wording" is required in a certificate of acknowledgment. Thus, it is no longer the case in Tennessee that "[t]he language [in a certificate of acknowledgment] is prescribed and a probating officer has little if any discretion to vary the form of the certificate." McAllester v. Aldridge (In re Anderson), 30 B.R. 995, 1001 (Bankr. M.D. Tenn. 1983) (citations omitted). Therefore, consistent with the clear legislative mandate embodied in Tennessee Code Annotated section 66-22-114(b) that "no specific form or wording" is required in a certificate of acknowledgment and that "the determination of any other right or obligation, shall not be affected by the inclusion or omission of any specific words," we find that the certificate of acknowledgment in this case is valid. In so holding, we give effect to the plain language of Tennessee Code Annotated section 66-22-114(b) and avoid exalting form over substance.

The law remains that a notary must verify the identity of a person appearing before him or her to acknowledge a document. See Tenn. Code Ann. § 66-22-106. However, we hold that under Tennessee Code Annotated section 66-22-114(b) the text of an acknowledgment need not explicitly state that this function was performed. Of course, use of the statutorily prescribed forms is preferred. Nonetheless, if an individual's intent to acknowledge the document he or she signed is evident in the certificate of acknowledgment, then the exact words and phrases recited in the statute are not required.

## II. Second Certified Question

As indicated above, the certificate of acknowledgment in this case is valid. Consequently, we need not address the second certified question.

## CONCLUSION

In response to the first certified question, we conclude that the certificate of acknowledgment in this case is valid under Tennessee Code Annotated section 66-26-113 because it substantially complies with the relevant statutory requirements. Furthermore, the certificate of acknowledgment in this case meets the criterion in Tennessee Code Annotated section 66-22-114(b) in that it clearly evidences the intent of the maker of the deed of trust to acknowledge his signature on the instrument. Therefore, we hold that the deed of trust was properly acknowledged under Tennessee law and is not voidable by a judicial lien creditor or a bona fide purchaser without notice. Because we conclude that the certificate of acknowledgment in this case is valid, we need not address the second certified question.

Having answered the certified questions, we direct the Clerk to transmit a copy of this opinion in accordance with Tennessee Supreme Court Rule 23(8). Costs in this Court are taxed to the respondent, Richard P. Jahn, Jr., Trustee.

_____

JANICE M. HOLDER, JUSTICE