# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### June 24, 2003 Session

## STATE OF TENNESSEE v. LARRY S. REESE

**Appeal from the Circuit Court for Blount County**
**No. C-13093     D. Kelly Thomas, Jr., Judge**

---

**No. E2002-02003-CCA-R3-CD**
**November 14, 2003**

---

The defendant, Larry S. Reese, was found guilty of aggravated assault based, in part, on the violation of a protective order obtained by the victim, see Tenn. Code Ann. § 39-13-102(c), and public intoxication, see Tenn. Code Ann. § 39-17-310. Upon finding that the order of protection had not been served on the defendant prior to the assault, the trial court modified the aggravated assault conviction to simple assault and ordered a sentence of eleven months, twenty-nine days. In this appeal, the state asserts that the trial court erred by reducing the defendant's conviction to simple assault. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES, J., joined. NORMA MCGEE OGLE, J., filed a dissenting opinion.

Paul G. Summers, Attorney General & Reporter; Angele M. Gregory, Assistant Attorney General; and Ellen Berez, Assistant District Attorney General, for the appellant, State of Tennessee.

Mack Garner, District Public Defender, for the appellee, Larry S. Reese.

## OPINION

On September 29, 2000, the seventy-nine-year-old victim, Marie Reese, and her husband, Benjamin Reese, who had just been diagnosed with terminal cancer, returned to a residence in Maryville that they shared with the defendant, their adult son. Upon their arrival, they discovered that the defendant had been drinking and was in an agitated state. When the victim asked him to go to his room, the defendant became angry, forced her to the floor, and pulled her hair. Mr. Reese intervened and the victim escaped to a neighbor's residence to telephone 911.

Later, the defendant was indicted for aggravated assault and public intoxication. The aggravated assault charge was based on the following statutory provision:

A person commits aggravated assault who, <u>after having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction</u> from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual or individuals, intentionally or knowingly attempts to cause or causes bodily injury or commits or attempts to commit an assault against such individual or individuals.

Tenn. Code Ann. § 39-13-102(c) (emphasis added).

At trial, Brenda Flowers, an employee of the Blount County Clerk & Master's office, testified that on February 8, 2000, the General Sessions Court entered an ex parte order of protection prohibiting the defendant from any contact with the victim, direct or indirect. The order, which was personally served on the defendant two days later, set the matter for hearing and included an admonition that the failure to appear would result in a default judgment. When the defendant did not appear at the hearing, the court issued an order of protection allowing social contact with the victim only so long as the defendant "present[ed] himself in a peaceful and sober manner." The order was not served on the defendant until October 6, 2000, one week after the September 29th assault.

The facts relating to the protective order proceedings were relatively undisputed at trial. At the conclusion of the proceeding, the jury reached a verdict of guilt as to both charges against the defendant. After a hearing on the defendant's motion for new trial, however, the trial court ruled that the evidence was insufficient to support the aggravated assault verdict because the state had failed to prove that the protective order was valid:

Then the . . . issue was whether or not the statute was satisfied to elevate a simple assault to an aggravated assault or felony. For that to happen, the evidence had to establish that [the defendant] committed an assault, after having been enjoined or restrained by an order. And that, in my opinion, is where the proof fails.

Our [s]upreme [c]ourt has set out rules of civil procedure that have to be followed in all courts . . . . And that's what our Sessions Court does under a private act. . . .

And the [s]upreme court says, in Rule 58, for . . . this order of protection . . . which is a civil order, to be effectively entered it has to bear the signatures of the [j]udge, all the parties involved, or the lawyers. There were no lawyers here, which is part of our problem. Or a certificate by the [c]lerk simply stating that a copy of this judgment has been sent to all parties.

And that just plainly wasn't done. . . . So, therefore, <u>this order of protection was not entered, it was not effective</u>, and so under the statute he had not been enjoined as required to make this misdemeanor simple assault an aggravated assault.

And this isn't peculiar. It's the same situation in habitual motor vehicle offender cases. If an order declaring a person an habitual offender hasn't been

effectively entered, even under a default judgment, then a person can't be prosecuted for violating it.

(Emphasis added).  The trial court entered a judgment on the lesser included offense of simple assault and set the defendant's sentence at eleven months, twenty-nine days.

In this appeal, the state asserts that the trial court erred by granting the defendant a post-verdict motion for judgment of acquittal as to the aggravated assault charge.  See Tenn. R. Crim. P. 29 ("The [s]tate shall have the right of appeal where the [c]ourt sets aside a verdict of guilty and enters a judgment of acquittal.") Rule 29 of the Tennessee Rules of Criminal Procedure empowers the trial judge to direct a judgment of acquittal when the evidence is insufficient to warrant a conviction either at the time the state rests or at the conclusion of all the evidence.  Overturf v. State, 571 S.W.2d 837 (Tenn. 1978).  At the point the motion is made, the trial court must favor the opponent of the motion with the strongest legitimate view of the evidence, including all reasonable inferences, and discard any countervailing evidence.  Hill v. State, 470 S.W.2d 853 (Tenn. Crim. App. 1971).  The standard by which the trial court determines a motion for judgment of acquittal at that time is, in essence, the same standard which applies on appeal in determining the sufficiency of the evidence after a conviction.  That is, "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307 (1979).

In our view, the trial court properly modified the defendant's conviction for aggravated assault to simple assault.  Although subject to criminal enforcement, see Tenn. Code Ann. § 36-3-610, protective order proceedings are civil in nature and are governed by the rules of civil procedure, see Collins v. Pharris, No. M1999-00588-COA-R3-CV (Tenn. Ct. App., M.S., March 7, 2001) (stating that the Tennessee Rules of Civil Procedure apply in a general sessions court issuing or denying orders of protection); State v. Joseph D. Gray, No. M1998-00256-CCA-R3-CD (Tenn. Crim. App., at Nashville, Dec. 20, 1999) ("'Domestic abuse statutes are civil and protective rather than criminal and punitive in nature . . . .'").[1]  Rule of Civil Procedure 58, which governs entry of judgments, provides in pertinent part as follows:

Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
(1) the signatures of the judge and all parties or counsel, or
(2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or

---

[1] Additionally, the trial court observed that the rules of civil procedure, not normally applicable in sessions court, are in force in Blount County Sessions Court by way of private act.  While citation to the act is not included in the record, the parties do not contest the applicability of the rules.

>          (3) the signature of the judge and a certificate of the clerk that a copy has been
> served on all other parties or counsel.

Tenn. R. Civ. P. 58. Because the protective order entered by the sessions court was signed by neither the defendant nor his counsel and because it was not served on the defendant, either personally or by mail, prior to the assault, it lacked any effectiveness under the terms of the rule.

This court has addressed this issue in motor vehicle habitual offender cases. In State v. Donnie M. Jacks, No. 03C01-9108-CR-00256 (Tenn. Crim. App., at Knoxville, Apr. 28, 1992), the state obtained a default judgment declaring the defendant a motor vehicle habitual offender. Although the defendant had appeared in open court for the hearing, he had not retained counsel, had not filed an answer, and had not contested the proof. Later, he was arrested for violating the terms of the habitual offender order. The defendant then sought to dismiss the indictment and set aside the judgment. The trial court denied the request. On appeal, this court reversed, holding that because there was a lack of compliance with Tennessee Rule of Civil Procedure 58, the judgment was ineffective:

> A proceeding under the Motor Vehicle Habitual Offenders Act is civil in nature and is governed by the Tennessee Rules of Civil Procedure. . . .
>
> *          *          *
>
> The default judgment in this case was not signed by the appellant. Nor is there a certification by the court clerk or counsel for the state showing that a copy was served on the appellant. As a result of this omission, the judgment was never properly entered and was not in effect when the appellant was arrested. . . .

Donnie M. Jacks, slip op at 2; see also State v. Malady, 952 S.W.2d 440, 443 (Tenn. Crim. App. 1996) (remanding for reentry of habitual motor vehicle offender judgment in compliance with Tennessee Rule of Civil Procedure 58); Bankston v. State, 815 S.W.2d 213 (Tenn. Crim. App. 1991) (holding that proceedings under the Motor Vehicle Habitual Offender Act are civil rather than criminal in nature).

In our view, the circumstances of this case are analogous to those in Jacks. The defendant was not served with the protective order forming the basis for the enhanced charge until after the assault on the victim. A return of service dated March 6, 2000, indicated that "the defendant was not to be found in Blount County." By notation dated August 21, 2000, the record establishes that the order of protection was returned unserved. There was no attempt to serve the order by mail. In summary, because the order did not comply with civil procedure rule 58, it could not enhance the charge from simple to aggravated assault.

The state argues that the language of the applicable statute is broad enough to apply at anytime after a defendant has been restrained by a protective order, whether entered ex parte or after a hearing on the merits. In matters of statutory construction, the role of this court is to ascertain and give effect to the intent of the legislature. State v. Williams, 623 S.W.2d 121, 124 (Tenn. Crim.

App. 1981). Unless ambiguity requires resort elsewhere to ascertain legislative intent, judicial interpretation of a statute is restricted to the natural and ordinary meaning of the language used. Roddy Mfg. Co. v. Olsen, 661 S.W.2d 868, 871 (Tenn. 1983). "Legislative enactments must be interpreted in their natural and ordinary sense without a forced construction to either limit or expand their meaning." State v. Thomas, 635 S.W.2d 114, 116 (Tenn. 1982). "Courts must construe statutes as a whole and in conjunction with their surrounding parts and their interpretation should be consistent with their legislative purposes." State v. Turner, 913 S.W.2d 158, 160 (Tenn. 1995). The meaning of a statute is to be determined not from specific words in a single sentence or section but from the act in its entirety in light of the general purpose of the legislation; any interpretation should express the intent and purpose of the legislation. National Gas Distrib., Inc. v. State, 804 S.W.2d 66, 67 (Tenn. 1991); Loftin v. Langsdon, 813 S.W.2d 475, 478-79 (Tenn. Ct. App. 1991). "The cardinal rule of statutory construction is to effectuate legislative intent, with all rules of construction being [aids] to that end." Browder v. Morris, 975 S.W.2d 308, 311 (Tenn. 1998).

It is our view that the aggravated assault statute was intended to apply to those defendants actually subject to a protective order at the time of the offense. The statutory terms establish that assault becomes aggravated when the defendant has previously "been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual or individuals . . . ." Tenn. Code Ann. § 39-13-102(c).

Although this court has not addressed this particular issue, several of our decisions suggest that the protective order must be in existence at the time of an assault for it to become aggravated. See, e.g., State v. Michael John Stitts, No. W2001-02555-CCA-R3-CD (Tenn. Crim. App., at Jackson, Jan. 10, 2003) ("The defendant was indicted for . . . aggravated assault while enjoined by an order of protection . . . ."); State v. Timothy Scott Galavin, No. 01C01-9401-CC-00027 (Tenn. Crim. App., at Nashville, Sept. 15, 1994) ("The defendant was convicted under T.C.A. § 39-13-102 (a)(3) which provides that a person commits aggravated assault who, while enjoined by lawful court order . . . ."). The position of the state is that the statute is so broad that it would apply to any defendant who had ever been subject to an ex parte protective order, even if the subsequent hearing had led to a dismissal of the proceedings. It is unlikely that the General Assembly intended such a result. This court is required to construe statutes in a reasonable and logical fashion. State v. Ralph, 6 S.W.3d 251, 256 (Tenn. 1999). It is our view that the legislature contemplated the existence of a validly entered order of restraint compliant with the rules of procedure prior to the felony enhancement.

The state also contends that even though the order had not been served on the defendant prior to the assault, he had notice of its entry by virtue of the properly served ex parte order, which contained the following notice:

> You are to appear in Blount County General Sessions Court, Courthouse, on Feb. 28, 2000 at 9:00 a.m. to answer this petition. You are entitled to an attorney at the hearing. Your failure to appear in court will result in judgment being rendered

against you. If you want to explain your side, be in court. OTHERWISE, the case will be decided only on Petitioner's testimony.

In our view, this notice was insufficient for purposes of establishing knowledge of a protective order that would result in application of the statute. Although the notice purports to inform the defendant that a default judgment will be taken against him for failure to appear, the statement that "the case will be decided only on Petitioner's testimony" is not necessarily indicative of an adverse determination. Moreover, the statute specifically requires that the order in effect restrain the defendant "from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual." Tenn. Code Ann. § 39-13-102(c) (emphasis added). In this case, the protective order entered by the sessions court enjoined the defendant only from contact with the victim when he was not acting in "a peaceful and sober manner." Thus, it is arguable that the order would not have satisfied the statutory terms even if properly served on the defendant.

Finally, the state asserts that the specific statutory protective order provisions "trump" the general requirements of Rule of Civil Procedure 58. See Martin v. Lear Corp., 90 S.W.3d 626, 629 (Tenn. 2002). It is our assessment that the statute and the rules are not in conflict. Tennessee Code Annotated section 36-3-609 requires that copies of an order of protection be issued to "the petitioner, the respondent, and the local law enforcement agencies having jurisdiction." The requirements of Rule 58, likewise, are designed to ensure service of a judgment or final order so that the parties subject thereto will be aware of its existence. See Masters ex rel. Masters v. Rishton, 863 S.W.2d 702 (Tenn. Ct. App. 1992). This court must interpret statutes on the same subject so that they operate in harmony rather than conflict with one another. In re Akins, 87 S.W.3d 488, 493 (Tenn. 2002).

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE