In re Suzanne Marie BUSHEE, Michael Scott Bushee, Debtors.

No. 04–34134.

United States Bankruptcy Court, E.D. Tennessee.

Dec. 22, 2004.

F. Scott Milligan, Little & Milligan, P.L.L.C., Knoxville, TN, for Deutsche Bank Trust Company Americas.

John P. Newton, Jr., Knoxville, TN, Chapter 7 Trustee.

### MEMORANDUM ON MOTION FOR RELIEF FROM AUTOMATIC STAY

RICHARD STAIR, JR., Bankruptcy Judge.

This contested matter is before the court upon the Motion for Relief From Automatic Stay (Motion for Relief) filed by Deutsche Bank Trust Company Americas, f/k/a Banker's Trust Company, as Trustee (Deutsche Bank), on September 29, 2004, seeking relief from the automatic stay pursuant to 11 U.S.C.A. § 362(d)(1) (West 2004) so that it may foreclose a lien encumbering the Debtors' residence. Pursuant to 11 U.S.C.A. § 554(b) (West 2004), Deutsche Bank also requests that the court order the Chapter 7 Trustee, John P. Newton, Jr. (Trustee), to abandon his interest in the residence as burdensome or of inconsequential value to the estate. The Trustee opposes the Motion for Relief, arguing that Deutsche Bank's lien is avoidable based upon an improperly acknowledged Deed of Trust.

The facts and documents essential for resolution of the Motion for Relief are before the court upon the Joint Stipulations filed by the parties on November 24, 2004, the Brief of Deutsche Bank Trust Company Americas in Favor of Motion for Relief From the Automatic Stay filed on December 1, 2004, and the Brief of the

Trustee filed on December 3, 2004. The parties agree that an evidentiary hearing is not required.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(G) (West 1993).

## I

On July 25, 2003, the Debtors purchased real property located at 316 Orchard Knob Road, Clinton, Anderson County, Tennessee (Real Property). Pursuant to a Deed of Trust also dated July 25, 2003, the Debtors granted America's MoneyLine, Inc. a lien against the Real Property to secure a $149,600.00 loan.[1] On August 6, 2004, the Debtors filed the Voluntary Petition commencing their Chapter 7 bankruptcy case, and the Trustee was duly appointed.

In support of the Motion for Relief, Deutsche Bank avers that the Debtors are in default in the amount of $3,388.33 on the loan secured by the Deed of Trust and that the unpaid balance of the Debtors' mortgage is $148,622.86. Deutsche Bank also avers that the value of the Real Property is $158,000.00 and that its security interest in the Real Property is not adequately protected. Accordingly, Deutsche Bank requests relief from the automatic stay in order to foreclose upon the Real Property, or in the alternative, adequate protection. Deutsche Bank also asks the court to order the Trustee to abandon his interest in the Real Property pursuant to 11 U.S.C.A. § 554(b).

The Trustee filed his objection to the Motion for Relief on October 7, 2004, arguing that the Deed of Trust was not properly acknowledged and, based upon the outstanding balance and Deutsche

Bank's valuation, the Real Property had between $9,000.00 and $19,000.00 in equity. Pursuant to the Order entered following the preliminary hearing on November 4, 2004, the primary issue before the court is whether the acknowledgment of Mrs. Bushee's signature on the Deed of Trust is valid under Tennessee law. The parties do not dispute that the acknowledgment of Mr. Bushee's signature is valid.

## II

Deeds of trust are among the documents eligible for registration in Tennessee. TENN. CODE ANN. § 66–24–101(a)(8) (2004). In order to be validly registered, deeds of trust must be authenticated by either two subscribing witnesses or one of the following statutorily authorized parties: the county clerk, deputy county clerk, clerk and master of any state chancery court, or a notary public, under seal. *See* TENN. CODE ANN. § 66–22–101 (2004); TENN. CODE ANN. § 66–22–102 (2004); TENN. CODE ANN. § 66–22–110 (2004). "The acknowledgment 'authenticates the due execution of a document and is the formal statement of the person signing the document that his [or her] signature was freely done' ... [and] that the instrument was not fraudulently executed." *Limor v. Fleet Mortgage Group (In re Marsh)*, 12 S.W.3d 449, 453 (Tenn.2000) (quoting *D.T. McCall & Sons v. Seagraves*, 796 S.W.2d 457, 463 (Tenn.Ct.App.1990)).[2]

Registration is imperative because, although it continues to be effective between the parties thereto, *see* TENN. CODE ANN. § 66–26–101 (2004), a deed of trust "not so proved, or acknowledged

---

1. Although the Trustee does not dispute Deutsche Bank's entitlement to prosecute the Motion for Relief, the parties do not stipulate how Deutsche Bank acquired its interest in the loan secured by the Deed of Trust.

2. The parties stipulate that the Debtors' signatures on the Deed of Trust are authentic.

and registered, or noted for registration shall be null and void as to existing or subsequent creditors of, or bona fide purchasers from, the makers without notice." TENN. CODE ANN. § 66–26–103 (2004); *see also Newton v. Herskowitz (In re Gatlinburg Motel Enters., Ltd.)*, 119 B.R. 955, 964 (Bankr.E.D.Tenn.1990). Under Tennessee law, "whatever is sufficient to put a person upon inquiry, *is notice of all the facts to which that inquiry will lead,* when prosecuted with reasonable diligence and in good faith." *Texas Co. v. Aycock*, 190 Tenn. 16, 227 S.W.2d 41, 46 (1950) (quoting *Covington v. Anderson*, 84 Tenn. 310, 319 (Tenn.1886)). Legally registered documents place creditors and subsequent purchasers "on constructive notice." *Marsh*, 12 S.W.3d at 454. Accordingly, if a deed of trust is improperly acknowledged, it is not legally registered under section 66–26–101, and therefore, "it is only effective between the 'parties to the same, and their heirs and representatives.'" *Marsh*, 12 S.W.3d at 454 (quoting TENN. CODE ANN. § 66–26–101).

■ Additional problems arise when a party to an improperly acknowledged deed of trust files for bankruptcy because of 11 U.S.C.A. § 544(a) (2004), which allows Chapter 7 trustees to succeed to the rights of creditors, judicial lienholders, and bona fide purchasers as of the commencement of the bankruptcy case. Additionally, under this "strong arm statute," Chapter 7 trustees may avoid any transfer that would be voidable by a creditor, judicial lienholder, or bona fide purchaser. *See* 11 U.S.C.A. § 544(a). When this occurs, the Chapter 7 trustee obtains the rights possessed by the secured creditor and holds the property for the benefit of the bankruptcy estate, while the formerly secured creditor is reduced to the status of an unsecured creditor. *Walker v. Elam (In re Fowler)*, 201 B.R. 771, 779–81 (Bankr. E.D.Tenn.1996); *Waldschmidt v. Dennis (In re Muller)*, 185 B.R. 552, 555 (Bankr. M.D.Tenn.1995). In summary "[t]he status which [§ 544(a)] confers upon the trustee in bankruptcy is that of 'the ideal creditor, irreproachable and without notice, armed cap-a-pie with every right and power which is conferred by the law of the state upon its most favored creditor who has acquired a lien by legal or equitable proceedings.'" *Lancaster v. Hurst (In re Hurst)*, 27 B.R. 740, 742 (Bankr.E.D.Tenn. 1983) (quoting *In re Waynesboro Motor Co.*, 60 F.2d 668, 669 (S.D.Miss.1932)).

■ Here, the propriety of the acknowledgment of Mrs. Bushee's signature on the Deed of Trust is relevant to determine whether Deutsche Bank obtained a lien valid as to the Trustee against her interest in the Real Property. If the acknowledgment was improper, the Trustee may avoid Deutsche Bank's interest in the Real Property for the benefit of the estate by virtue of § 544.[3] The Debtors own the Real Property as tenants by the entireties, "a form of property ownership which is unique to married persons" and in which there exists a right of survivorship such that "each spouse is seized of the whole or the entirety and not of a share, moiety, or divisible part" and ownership of the property, as a whole, fully vests in the surviving spouse upon the death of the other spouse. *Grahl v. Davis*, 971 S.W.2d 373, 378 (Tenn.1998). Therefore, a defect in the acknowledgment of Mrs. Bushee's signature on the Deed of Trust means that, as to the Trustee, Deutsche Bank's lien is perfected only as to Mr. Bushee's survivor-

---

**3.** Avoidance actions are adversary proceedings commenced by the filing of a complaint. *See* FED. R. BANKR. P. 7001(2).

ship interest and not as to the parties' fee simple interest.

## III

The Trustee questions the validity of the acknowledgment of Mrs. Bushee's signature on the Deed of Trust, which is handwritten below the acknowledgment of Mr. Bushee's signature[4] and states as follows:

State of Tennessee ~~Knox~~ Anderson County

July 25th 2003 Appeared Suzanne Bushee.

/s/ Lisa L. Wilcox

Comm. Expiration: 1/11/2004

seal

JT. STIPS., EX. A.[5] The Trustee avers that this does not constitute a valid acknowledgment under Tennessee law. In response, Deutsche Bank argues that the acknowledgment substantially complies with statutory requirements and is therefore valid.

A notary or other person authorized to acknowledge a deed of trust does so by completing a certificate of acknowledgment, which is defined as "[t]he certificate of a notary public ... attached to a deed ... setting forth that the parties thereto personally appeared before him on such a date and acknowledged the instrument to be their free and voluntary act and deed. A verification of the act of the maker of an instrument." BLACK'S LAW DICTIONARY 226 (6th ed.1994). The Tennessee General Assembly has proscribed several statutory forms for this certificate, including the following:

State of Tennessee     )
County of _____      )

Personally appeared before me, (name of clerk or deputy), clerk (or deputy clerk) of this county, (bargainor's name), the within named bargainor, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that such person executed the within instrument for the purposes therein contained.

Witness my hand, at office, this _____ day of _____, 20___.

TENN. CODE ANN. § 66–22–107 (2004).

Similarly, Tennessee Code Annotated section 66–22–114 states as follows:

Certificate of acknowledgment form.— (a) If the acknowledgment is made before any of the officers who are authorized to take such acknowledgment under the provisions of this chapter ... having an official seal, such officer shall write upon or annex to the instrument a certificate of acknowledgment. The following form shall constitute a valid certificate of acknowledgment:

State of Tennessee     )
County of _____      )

Personally appeared before me, (name of officer), (official capacity of officer), (name of the natural person executing the instrument), with whom I am personally acquainted, and who acknowledged that such person executed the within instrument for the purposes therein contained ....

Witness my hand, at office, this _____ day of _____, 20___.

(b) Any certificate clearly evidencing intent to authenticate, acknowledge or

---

4. Mr. Bushee's signature was acknowledged on the form set forth within the Deed of Trust, with handwritten changes to evidence that he executed the document in Florida on July 23, 2003, and that he alone appeared before that notary.

5. In addition, Ms. Wilcox, the notary purporting to acknowledge Mrs. Bushee's signing of the Deed of Trust, erroneously signed her name on the "Borrower" signature line of the Deed of Trust directly beside Mrs. Bushee's signature thereon.

verify a document shall constitute a valid certificate of acknowledgment for purposes of this chapter and for any other purpose for which such certificate may be used under the law. It is the legislative intent that no specific form or wording be required in such certificate and that the ownership of property, or the determination of any other right or obligation, shall not be affected by the inclusion or omission of any specific words.

TENN. CODE ANN. § 66–22–114 (2004).

In line with the substantial compliance test of section 66–22–114(b), the General Assembly has reiterated the following premise:

> Omission of words from certificate.— The unintentional omission by the clerk or other officer of any words in a certificate of an acknowledgment ... shall in nowise vitiate the validity of the deed, but the same shall be good and valid to all intents and purposes, if the substance of the authentication required by law is in the certificate.

TENN. CODE ANN. § 66–26–113 (2004).

■ Together, these statutes proscribe that an acknowledgment that is otherwise defective is nevertheless valid as long as it complies in either "substance" or "intent." *See Gregory v. Ocwen Fed. Bank (In re Biggs)*, 377 F.3d 515, 518 (6th Cir.2004). As set forth by the Tennessee Supreme Court, "Tennessee Code Annotated section 66–22–113[, the substantial compliance test,] addresses the unintentional omission of words by the officer taking an acknowledgment while Tennessee Code Annotated section 66–22–114(b)[, the intent test,] addresses the intent of the person signing a document to properly acknowledge his or her signature." *In re Akins*, 87 S.W.3d 488, 493 (Tenn.2002).

Several recent cases are instructive in making the determination whether a deed of trust satisfies one of these tests. In *Akins*, the question was whether a certificate of acknowledgment that did not expressly state that the notary knew the identify of the person whose signature was acknowledged was valid.[6] Instead of the statutorily prescribed terms of identification "with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence)" or "to me known to be the person (or persons) described in and who executed the foregoing instrument," the certificate of acknowledgment merely identified Mr. Akins by name and as "unmarried." *Akins*, 87 S.W.3d at 493. In finding the deed of trust to be properly acknowledged, the Tennessee Supreme Court first analyzed the statutory language setting forth the substantial compliance and intent tests, calling them "savings statutes" which provide "alternative ways in which a certificate of acknowledgment that does not follow a prescribed form may be found to be valid." *Akins*, 87 S.W.3d at 493. Next, in relation to the certificate in question, the court stated that because the notary had included the word "unmarried," it could be reasonably inferred that she knew Mr. Akins, and thus, the substantial compliance test was satisfied. *Akins*, 87 S.W.3d at 495.

With respect to the intent test, the court held that "Tennessee Code Annotated section 66–22–114(b) requires only that a certificate of acknowledgment clearly evidence the signer's 'intent to authenticate, acknowledge or verify a document.'" *Akins*, 87 S.W.3d at 495 (quoting TENN. CODE ANN. § 66–22–114(b)). The court

---

**6.** This question originated in the United States Bankruptcy Court for the Eastern District of Tennessee, Southern Division, and was certified to the Tennessee Supreme Court pursuant to Tennessee Supreme Court Rule 23.

noted that the statute relaxed the state's formerly strict requirements concerning certificates of acknowledgment, now "directing that they be liberally construed ... [to] avoid exalting form over substance." *Akins,* 87 S.W.3d at 495. Because the certificate of acknowledgment named Mr. Akins, stated that he had personally appeared, and acknowledged execution of the deed of trust upon which his signature appeared above his typewritten name, the court found that Mr. Akins "clearly show[ed his] intent to acknowledge his signature on the deed of trust." *Akins,* 87 S.W.3d at 495. In summary, the court stated the following rule:

> The law remains that a notary must verify the identify of a person appearing before him or her to acknowledge a document. *See* TENN. CODE ANN. § 66–22–106. However, we hold that under Tennessee Code Annotated section 66–22–114(b) the text of an acknowledgment need not explicitly state that this function was performed. Of course, use of the statutorily prescribed forms is preferred. Nonetheless, if an individual's intent to acknowledge the document he or she signed is evident in the certificate of acknowledgment, then the exact words and phrases recited in the statute are not required.

*Akins,* 87 S.W.3d at 495.

In *Biggs,* the Sixth Circuit agreed with the lower courts that a deed of trust that did not name the parties acknowledging their signatures met neither the substantial compliance nor the intent test, and thus, was invalid. *Biggs,* 377 F.3d at 519–21. In so holding, with respect to the substantial compliance test, the court stated that it " 'addresses the unintentional omission of *words* by the officer taking an acknowledgment,' not the unintentional omission of the *names* of the acknowledging individuals." *Biggs,* 377 F.3d at 519 (quoting *Akins,* 87 S.W.3d at 493). As for the intent test, the court held that when there is no one named in the certificate of acknowledgment, it cannot be determined "who, if anyone, intended to acknowledge the signatures on the deed of trust[.]" *Biggs,* 377 F.3d at 521.

The issue in *Lemeh v. EMC Mortgage Corp. (In re Crim),* 81 S.W.3d 764 (Tenn. 2002), was the validity of a certificate of acknowledgment incorrectly stating that both spouses appeared and executed a deed of trust.[7] The certificate of acknowledgment in question was a form on the deed of trust, reading in part that both Mr. and Mrs. Crim personally appeared and executed the document. *Crim,* 81 S.W.3d at 766–67. However, it was undisputed that Mr. Crim did not actually appear or execute the document, but instead, Mrs. Crim executed the deed of trust on his behalf pursuant to a power of attorney. *Crim,* 81 S.W.3d at 767. The court held that the acknowledgment contained false statements on its face, because only the wife actually appeared and executed the document, which called into question its authenticity. *Crim,* 81 S.W.3d at 768. In its analysis, the court held that questions of substantial compliance involved defects in the language of the acknowledgment, not glaring defects such as false statements, stating the following:

> While this Court has held that minor errors in the certificate of acknowledgment do not vitiate the effectiveness of the instrument, the certificate of acknowledgment utilized in this case did not contain simple or minor deviations from the statutorily prescribed form for

---

7. This case originated in the United States Bankruptcy Court for the Middle District of Tennessee. Like *Akins,* it was certified to the Tennessee Supreme Court pursuant to Rule 23 of the Tennessee Supreme Court Rules.

a signature made by an attorney-in-fact. Instead, the notary failed to use the prescribed statutory form of acknowledgment, with the result that the certificate of acknowledgment contains false statements and indicates a lack of compliance with Tenn.Code Ann. § 66–22–101 and –107(c).

*Crim,* 81 S.W.3d at 769–70 (footnote omitted). As a result, because the deed of trust was not validly acknowledged with respect to Mr. Crim's interest, the chapter 7 trustee took Mr. Crim's survivorship interest in the real property, while the creditor retained Mrs. Crim's validly transferred survivorship interest. *Crim,* 81 S.W.3d at 770.

Similarly, in *Marsh,* the issue before the Tennessee Supreme Court was whether the failure of a notary to affix his seal to a certificate of acknowledgment rendered it invalid.[8] *Marsh,* 12 S.W.3d at 451. The court answered in the affirmative, stating that the failure to affix the notary seal, as expressly required by Tennessee Code Annotated section 66–22–110 (2004), "is fatal to the proper acknowledgment of an instrument." *Marsh,* 12 S.W.3d at 454. In so holding, the court outlined the responsibilities of a notary to take oaths and acknowledgments "without favor or partiality, honestly, faithfully, and diligently[,]" TENN. CODE ANN. § 8–16–105 (2002), giving rise to a presumption that those acts are performed correctly. *Marsh,* 12 S.W.3d at 453 (citing *Manis v. Farmers Bank of Sullivan County,* 170 Tenn. 656, 98 S.W.2d 313, 314 (1936)). Because "[t]he affixation of the notary's seal provides prima facie proof of a notary's official character or, simply stated, that the notary is a notary[,] . . . [the authentication of an acknowledgment] 'says to the world that the execution of the instrument was carried out accord-

ing to law.' " *Marsh,* 12 S.W.3d at 453 (quoting *Beazley v. Turgeon,* 772 S.W.2d 53, 59 (Tenn.Ct.App.1988)). In summary, the court reasoned that

> [t]he defect in the acknowledgment here is more substantial than the simple omission of statutory language or the use of a different, yet equivalent, word. . . . Moreover, this is not a case where another word or phrase could have been substituted as the substantive equivalent to the language required by statute. A seal is either affixed or not affixed; this requirement is not subject to substantial-compliance analysis.

*Marsh,* 12 S.W.3d at 454.

Another case of note is *Walker v. Midland Mortgage Company (In re Medlin),* 201 B.R. 188, 193 (Bankr.E.D.Tenn.1996), in which the relevant question was whether the failure to include within a certificate of acknowledgment the date upon which it was executed rendered it invalid. The court found that, with the exception of the date, the acknowledgment in question complied with all other statutory requirements, thus, the omission of the date did not invalidate the acknowledgment because it substantially complied "with the requirements and purposes of the acknowledgment statutes." *Medlin,* 201 B.R. at 193. It has also been held that the omission of the words "for the purposes therein contained" does not render an otherwise compliant acknowledgment defective. *Roysdon v. Choate,* 15 Tenn.App. 295, 305 (Tenn.Ct.App.1932).

■ Here, there is no dispute that the certificate of acknowledgment of Mrs. Bushee's signature does not contain the prescribed statutory wording of either Tennessee Code Annotated section 66–22–107 or –114(a). However, given the trend

---

8. As with *Crim,* this question was certified to the Tennessee Supreme Court from the United States Bankruptcy Court for the Middle District of Tennessee.

towards leniency in the language used, the court finds that the language contained in the certificate of acknowledgment of Mrs. Bushee's signature on the Deed of Trust substantially complies with the statutory forms. First, the certificate of acknowledgment clearly identifies Mrs. Bushee as the party whose signature was to be authenticated, and it expressly states that she appeared on July 25, 2003, somewhere in Anderson County, Tennessee. Second, as set forth in *Akins* and *Roysdon*, it is not fatal that the certificate of acknowledgment did not expressly state that the notary, Ms. Wilcox, was personally acquainted with Mrs. Bushee or that she had executed the document for the purposes therein contained. Third, Ms. Wilcox's notary seal was affixed to the certificate, giving rise to the presumption that it was correctly acknowledged.

Nevertheless, because the focus must rest on substance rather than form, the court finds that the certificate of acknowledgment does not clearly evidence Mrs. Bushee's intent to authenticate and acknowledge her signature on the Deed of Trust. Unlike the certificate of acknowledgment in *Akins*, which stated that he appeared and acknowledged the execution of his documents, Mrs. Bushee's certificate of acknowledgment makes no mention that she was acknowledging the execution of the Deed of Trust. It does not, therefore, serve the purpose for requiring an acknowledgment in the first place, which is to authenticate Mrs. Bushee's execution of the Deed of Trust freely and not fraudulently. *See Marsh,* 12 S.W.3d at 453. Because the certificate of acknowledgment does not satisfy the intent test of Tennessee Code Annotated section 66–22–114(b), it is not valid, and the Deed of Trust, with respect to Mrs. Bushee, was not properly recorded. Therefore, the interest of the Trustee in Mrs. Bushee's interest in the

Real Property is superior to the interest of Deutsche Bank. *See* 11 U.S.C.A. § 544(a); Tenn. Code Ann. § 66–26–103. As Deutsche Bank's lien encumbers only Mr. Bushee's interest in the Real Property, its interest under Tennessee law extends only to Mr. Bushee's survivorship interest. *See In re Walls,* 45 B.R. 145, 146 (Bankr. E.D.Tenn.1984) ("A judgment creditor may levy on the survivorship interest of a tenant by the entirety, but the creditor succeeds to the estate only in the event his debtor outlives the other tenant by the entirety."); *Crim,* 81 S.W.3d at 770 ("[T]he only interest encumbered by the deed of trust in this case is the survivorship interest of Jayne Crim. Thus, EMC has an interest in [her] right of survivorship which is not voidable by a judicial lien creditor or bona fide purchaser without notice.").

**IV**

Deutsche Bank has requested relief from the automatic stay and an order requiring the Trustee to abandon the Real Property. Creditors may seek relief from the automatic stay "for cause" including a lack of adequate protection. *See* 11 U.S.C.A. § 362(d)(1). In order to obtain relief from the stay for lack of adequate protection, Deutsche Bank must establish a *prime facie* case, showing that the Debtors owe an obligation to Deutsche Bank, that Deutsche Bank has a valid security interest that it seeks to protect, and that cause exists justifying relief, such as the Debtors' failure to make payments or that the collateral is decreasing in value. *In re Planned Sys., Inc.,* 78 B.R. 852, 860 (Bankr.S.D.Ohio 1987).

The determination of whether a creditor's interest is adequately protected is not an exact science nor does it involve a precise arithmetic computation. Rather, it is pragmatic and synthetic, requiring a court to balance all relevant factors in a

particular case, including the value of the collateral, whether the collateral is likely to depreciate over time, the debtor's prospects for a successful reorganization and the debtor's performance under the plan. Other considerations may include the balancing of hardships between the parties and whether the creditor's property interest is being unduly jeopardized.

*In re Rogers,* 239 B.R. 883, 887 (Bankr. E.D.Tex.1999) (citing *In re Olick,* 221 B.R. 146, 161 (Bankr.E.D.Pa.1998)). "A secured creditor retains the right to 'adequate protection' of its collateral, which means it is entitled to have the value of its collateral maintained at all times, and it can obtain relief from the automatic stay and take back its collateral at any time if that interest is not adequately protected or for other 'cause.'" *Price v. Del. State Police Fed. Credit Union (In re Price),* 370 F.3d 362, 373 (3d Cir.2004).

As already determined, Deutsche Bank holds a security interest only in Mr. Bushee's survivorship interest. In its Motion for Relief, Deutsche Bank avers that the mortgage balance is $148,622.86, and that the Real Property is valued at $158,000.00, which results in equity of more than $9,000.00. However, the failure to make payments to a secured creditor in a Chapter 7 case constitutes cause for granting relief from the automatic stay. *See, e.g., Price,* 370 F.3d at 373 ("A persistent failure to make monthly payments under loan documents can constitute cause for granting relief from the automatic stay."). Therefore, Deutsche Bank is entitled to relief from the automatic stay to allow it to foreclose its lien encumbering Mr. Bushee's survivorship interest in the Real Property.

Additionally, because Mr. Bushee's survivorship interest secures a debt in excess of $148,000.00, the court finds that his survivorship interest is burdensome and of inconsequential value to the estate. Accordingly, pursuant to § 554(b), the Trustee will be directed to abandon the estate's interest in Mr. Bushee's survivorship interest. *See Morgan v. K.C. Mach. & Tool Co. (In re K.C. Mach. & Tool Co.),* 816 F.2d 238, 246 (6th Cir.1987) (In determining whether to order abandonment, the court should focus on "whether there is a reason that the estate's interest in the property should be preserved or, instead, whether the property is so worthless or burdensome to the estate that it should be removed therefrom.") (quoting *In re Tyler,* 15 B.R. 258, 261 (Bankr.E.D.Pa.1981)); *In re Beaudoin,* 160 B.R. 25, 31 (Bankr. N.D.N.Y.1993) ("[W]here the estate has no equity in a particular property, and the estate is to be liquidated, abandonment will virtually always be appropriate because no unsecured creditor could benefit from its administration.") (quoting *In re Ayers,* 137 B.R. 397, 401 (Bankr.D.Mont. 1992)). The court's order shall constitute the abandonment.

An order consistent with this Memorandum will be entered.

### *ORDER*

For the reasons set forth in the Memorandum on Motion for Relief From Automatic Stay filed this date, the court directs the following:

1. The Motion for Relief From Automatic Stay filed September 29, 2004, by Deutsche Bank Trust Company Associates, f/k/a Banker's Trust Company, as Trustee, requesting modification of the automatic stay of 11 U.S.C.A. § 362(a) (West 2004) to permit it to foreclose its lien encumbering the Debtors' residence at 316 Orchard Knob Road, Clinton, Tennessee, is GRANTED to the extent set out below.

2. The automatic stay of 11 U.S.C.A. § 362(a) (West 2004) is modified to allow Deutsche Bank Trust Company Associates, f/k/a Banker's Trust Company, as Trustee, to foreclose its lien encumbering the survivorship interest of the Debtor, Michael Scott Bushee, in the 316 Orchard Knob Road, Clinton, Tennessee residence, pursuant to the laws of the State of Tennessee and the terms of the Deed of Trust dated July 25, 2003, between Michael Bushee and C. Thomas Cates, Trustee, of record in Book 1351, pages 1070–1081 in the office of the Register of Deeds for Anderson County, Tennessee.

3. The Chapter 7 Trustee, John P. Newton, Jr., shall abandon the survivorship interest of the Debtor Michael Scott Bushee in the 316 Orchard Knob Road, Clinton, Tennessee residence, and this Order shall constitute the abandonment of the same.

SO ORDERED.